## GREEN DUCK CO. v. PATTERSON & HOFFMAN.

No. 2259.   Opinion Filed October 23, 1912.

Rehearing Denied December 17, 1912.

(128 Pac. 703.)

**SALES—Time of Delivery—Failure to Deliver in Time—Refusal to Accept.** The contract in suit consists of an order, in writing, for 2,000 watch fobs, to be used as souvenirs, and which closes with the words, "must reach Patterson & Hoffman not later than Feb. 25, 1909," and a written acceptance of the order, which says, "must be there Feb. 25th sure." Held, that the contract shows that it was intended by the parties that "time should be of the essence of the contract," and that, where none of the goods were delivered according to the contract, defendants had the right to refuse to accept and pay for the same.

(Syllabus by Brewer, C.)

*Error from Oklahoma County Court;*
*Sam Hooker, Judge.*

Action by the Green Duck Company against Patterson & Hoffman. Judgment for defendants, and plaintiff brings error. Affirmed.

*S. A. Horton,* for plaintiff in error.

*Shartel, Keaton & Wells,* for defendants in error.

Opinion by BREWER, C.   The Green Duck Company, plaintiff in error here, as plaintiff below, filed suit in the county court of Oklahoma county, on November 5, 1909, against the defendants in error, Patterson & Hoffman, as defendants below, alleging an indebtedness in the sum of $230 for certain merchandise sold by plaintiff to defendants. The defendants gave to an agent of plaintiff the following written order:

"Order No. 400.   The Green Duck Company.   Ship to Patterson & Hoffman, at Oklahoma City, Oklahoma.   How to

ship: Express. When: Feby. 20, 1909. Terms: 2 per cent., 10 days. 30 days net. 2,000 watch fobs, as per sketch inclosed. $230.00. Must reach Patterson & Hoffman not later than Feb. 25, 1909.

"PATTERSON & HOFFMAN."

This was sent to the plaintiff and received by it in Chicago, Ill., whereupon an acceptance of the order was sent to defendants, and is as follows:

"Customer's Order No._____. Sold to Patterson & Hoffman. Address, Oklahoma City, Okla. Ship to above via express. Price, $230 per 2,000. Total, $_____. Order No. 5,058. Received, 2-10-09. Promised, _____. Article, strap fobs. Must be there Feb. 25th *sure*. Quantity, 2,000.

"Important: All previous communications between the parties hereto, either verbal or written, with reference to the subject-matter of this order, are hereby abrogated and this constitutes the sole agreement between the parties hereto, and no modification of this order shall be made, except subject to the approval of the Green Duck Co., which approval must be in writing, duly signed by an officer of the company.

"Material and finish, oxidized silver.

"Description, enameled in green and red.

"Face: Pat-Hof. Patterson & Hoffman.

"Reverse: Souvenir. Patterson & Hoffman. Oklahoma City. 1909.

"Acknowledgment to customer. Please read," etc.

At the trial in the county court, the court sitting as a jury, judgment was rendered for the defendants, to reverse which this appeal is prosecuted.

The proof shows that none of these watch fobs were shipped from Chicago or received by defendants by the date named in the order or acceptance. The goods were forwarded in five different shipments, to wit, on March 3d, 4th, 6th, 8th, and 9th. The first shipment of 250 fobs was received by defendants, in Oklahoma City, March 6th, upon which date defendants notified plaintiff of their refusal to accept any of the goods "on account of nondelivery at date mentioned in order," and giving reasons why the goods could not be used at that time.

The only question presented here and necessary to be determined is whether or not the written order and acceptance, constituting the contract between the parties, expressly shows that time is the essence of the contract. It is true that some point is made regarding the admission of oral testimony at the trial relative to the understanding and intention of the parties that these goods were intended as souvenirs, to be given away to customers on a certain date, etc.; but it is not necessary to go into the question of the competency of such evidence, if the written contract itself shows clearly therein that time was made the essence of the contract. Section 1118, Comp. Laws, 1909, follows: "Time is never considered as of the essence of a contract, unless by its terms expressly provided." As we view this case, a proper construction of the statute, as applied to the contract in suit, disposes of the matter. Of course, if this statute means that the identical words "time is of the essence" must be written in the contract, then the one in suit does not fall within the statute; but if no particular form of expression is required, and it is sufficient that it appear from the express provisions of the contract, independent of extraneous circumstances, that it was the intention of the parties that time should be the essence thereof, then this contract falls within the statute.

In the case of *Standard Lumber Co. v. Miller & Vidor Lumber Co.*, 21 Okla. 617, 96 Pac. 761, paragraph 1 of the syllabus is as follows:

"Section 809, Wilson's Rev. & Ann. St. 1903, providing that before time shall be the essence of a contract it must be expressly stipulated therein, no particular form of expression is required; but it must appear from the express provisions contained in such contract, independent of all extraneous matter or circumstances, that it was the intention of the parties thereto that time should be the essence thereof."

And the court then discusses the statute in the following manner:

"It was clearly not the intention in the adoption of such a statutory provision as this to require the identical language of the statute to be inserted in a contract before time could become the essence thereof. Code provisions have ever been adopted for the purpose of abolishing technicalities and applying sub-

stantial justice; and it necessarily follows that where it appears by the language expressed in a contract, regardless of the phraseology or the form of expression used, that it was the intention of the parties thereto that time should be the essence of the contract, that should be the construction in law."

And in the case of *Cooper v. F. S. & W. R. Co.,* 23 Okla. 139, 99 Pac. 785, paragraph 5 of the syllabus is as follows:

"Although it is provided (Wilson's Rev. & Ann. St. 1903, sec. 809) that 'time is never considered as of the essence of a contract, unless by its terms expressly so provided,' no particular form of expression is required, but it must appear from the express provisions contained in such contract that it was the intention of the parties thereto that time should be the essence thereof. And where the answer disclosed that the note sued on contained the stipulation, provided always that this note becomes due and payable when said railroad company shall have in operation a line of road from the present terminus of its line in the Indian Territory to the city of Guthrie, and the contract entered into by the note givers and plaintiff, prior to the delivery of said note and part thereof, fixed the time of completion of said road, which was the only advantage accruing therefrom to said note givers, held, that time was of the essence of the contract, and the completion of said road a condition precedent to a right to recover on said note."

And at page 162 of 23 Okla., at page 794 of 99 Pac., in this opinion the court says:

"That the intention of the contracting parties, as expressed in the contract, is to govern, regardless of the phraseology, is expressly held in *Standard Lumber Co. v. Miller & Vidor Lumber Co.,* 21 Okla. 617, 96 Pac. 761, where Mr. Chief Justice Williams, speaking for the court in the construction of section 788, *supra,* said: 'It was clearly not the intention in the adoption of such a statutory provision as this to require the identical language of the statute to be inserted in a contract before time should become the essence thereof.' "

And in *Henderson v. McFadden,* 112 Fed. 389, 50 C. C. A. 304, paragraph 1 of the syllabus is as follows:

"In determining whether stipulations as to the time of performing a contract of sale are conditions precedent, the court seeks simply to discover what the parties really intended; and if time appears, on a fair construction of the language and under the circumstances, to be of the essence of the contract, the stipu-

lations in regard to it will be held conditions precedent."

And in Cyc. 604 it is said:

"In determining whether stipulations as to the time of performing a contract are conditions precedent, the court seeks simply to discover what the parties really intended; and if time appears, on a fair construction of the language and under the circumstances, to be of the essence of the contract, the stipulations in regard to it will be held conditions precedent. * * * Time is of the essence of a contract when it is a material object to which the parties looked in the first conception of it. A provision in a contract is said to be of the essence of the contract when compliance with it was known by both parties, at the time of entering into the contract, to be of such importance that performance of the contract without strict compliance with it might be of no avail."

It appears to us that the intention that the goods must be delivered by the 25th, and that a later delivery would not answer the purposes for which they were bought, is clearly shown by the words written in the order, "must reach Patterson & Hoffman not later than Feb. 25, 1909," and that plaintiff so understood it, and the importance of the statement, when, in the acceptance, it repeats and emphasizes, "must be there Feb. 25, 1909, *sure*." Indeed, it is almost as apparent in this case as if the identical words of the statute had been used. This being true, the court did not err in rendering judgment for defendants, and the cause should be affirmed.

By the Court: It is so ordered.