**FULTON BAG & COTTON MILLS v. LIBERTY COTTON OIL CO.**

No. 11334—Opinion Filed July 3, 1923.

1. **Sales — Mercantile Contract — Time of Shipment — Breach — Repudiation by Purchaser.**

In a mercantile contract a statement as to the time of shipment is ordinarily to be regarded as a warranty or condition precedent, upon the failure of nonperformance of which the party aggrieved may repudiate the whole contract.

2. **Same—Trade Term—Explanatory Evidence—Question for Jury.**

Where a mercantile contract contains words "Ship about October", and plaintiff introduces evidence to explain same in light of trade custom, the court properly submitted question as to meaning thereof to the jury.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by the Fulton Bag & Cotton Mills against the Liberty Cotton Oil Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Wilson, Tomerlin & Threlkeld, for plaintiff in error.

Pearson & Baird, for defendant in error.

Opinion by LYONS, C. This controversy arises from the alleged breach of a written contract for the sale of burlap bags. Suit was brought to recover damages for failure of the defendant to accept and pay for said merchandise and the jury returned a verdict in favor of the defendant. Plaintiff appeals. A short statement of the facts is essential to an understanding of the situation.

The sales contract was entered into in March, 1918, between the plaintiff, a Georgia corporation, and the defendant, an Oklahoma corporation, doing business at Oklahoma City, on the regular form used by plaintiff in its business. The contract contains the following clauses relative to shipment and delivery:

"Routing * * * Ship about October, 1918. * * * Shipment either from Dallas or St. Louis. * * * Freight paid. * * * Seller is not to be responsible for delivery by carrier."

Both parties introduced evidence as to the meaning of the term "Ship about October, 1918".

It appears that the plaintiff, early in the month of September, 1918, to accommodate a Chickasha customer, who was not ready to accept a shipment, diverted the same to Oklahoma City and discussed in the month of September with the defendant the matter of making delivery of the merchandise covered by the contract in suit, from this car. No agreement on this point was reached. The plaintiff stored approximately four-fifths of the Chickasha shipment in public storage at Oklahoma City, being the amount of merchandise called for by the defendant's contract, but no agreement as to acceptance of this particular merchandise was consummated.

On November 2nd the defendant wrote plaintiff, canceling the purchase for the reason that the goods were not delivered during the contract month. There was evidence tending to show that the term "Ship about October" meant in the light of the trade custom, that shipment or delivery would be made during October.

The court gave the following instruction, of which plaintiff complains:

"You are instructed to find for the plaintiff in this case, unless you find and believe from the evidence that under the custom of the trade that time of shipment was the essence of said contract, in which event your verdict would be for the defendant."

A stipulation as to time of delivery in a contract for the sale of merchandise is treated as a warranty in the sense in which that term is used in insurance and maritime law, that is to say, a condition precedent on which the liability of the buyer to accept is defendant. 23 R. C. L. 246.

Under the decision of this court no express form of words is requisite in order to make time the essence of the contract. Cooper v. Ft. Smith & Western R. R. Co., 23 Okla. 139, 99 Pac. 785.

It is conceded that the plaintiff made no attempt to comply with the terms of the contract by making shipment or delivery either from Dallas or St. Louis during October, and it is clear that no agreement of modification of the contract was consummated by which the defendant agreed to accept the Chickasha shipment. Therefore, the plaintiff is in default in performance of the contract and cannot recover.

The rule is stated by the Supreme Court of the United States, in the case of Filley v. Pope, 115 U. S. 213, 29 L. Ed. 372:

"In a mercantile contract, a statement descriptive of the subject-matter, or of some material incident, such as the **time or place of shipment**, is ordinarily to be regarded as a warranty, or condition precedent, upon the failure or nonperformance of which the party aggrieved may repudiate the whole contract.

"Under a contract for the sale of '500 tons No. 1 Shott's (Scotch) pig iron, at $26 per ton cash in bond at New Orleans; shipment from Glasgow as soon as possible; delivery and sale subject to ocean risks;' shipment from Glasgow is a material part of the contract, and the buyer may refuse to accept such iron shipped as soon as possible from Leith, and arriving at New Orleans earlier than it would have arrived by the first ship that could have been obtained from Glasgow.

"The court instructed the jury that the provision of the contract that the iron was to be shipped from Glasgow was not a material provision of the contract, so far as this controversy was concerned; that the purpose of the contract was the sale by the plaintiffs to the defendant of a certain quantity of iron, to be delivered in a certain time at a certain place, and the fact that it was shipped from Leith instead of Glasgow was not material to the rights of the parties in this case, if the other provisions of the contract were complied with; and that if the jury found that it was impossible for the plaintiffs to obtain a vessel from Glasgow and that it was practicable to obtain one from Leith, and that shipment from Leith was a more expeditious way of getting the iron to New Orleans than waiting for a vessel from Glasgow would have been, then the plaintiffs were justified in shipping the iron from Leith instead of from Glasgow. 3 McCrary, 190.

"The defendant excepted to the admission of evidence relating to the shipment from Leith, and to the instruction to the jury, and, after verdict and judgment for plaintiffs in the sum of $6,155, sued out this writ of error.

"The contract between these parties belongs to the same class as that sued on in the case just decided, of Norrington v Wright, ante, 366, likewise falls within the rule that, in a mercantile contract, a statement descriptive of the subject-matter, or of some material incident, such as the time or place of shipment, is ordinarily to be regarded as a warranty, or condition precedent, upon the failure or nonperformance of which the party aggrieved may repudiate the whole contract. The provision in question in that case related to the time; in this, it relates to the place of shipment.

"The thing sold, and described in the contract, is '500 tons No. 1 Shott's (Scotch) pig iron' to be shipped 'from Glasgow as soon as possible.' It is not merely 500 tons of iron of a certain quality; nor is it such iron to be shipped as soon as possible from any Scotch port or ports; but it is iron of that quality to be shipped from the particular port of Glasgow as soon as possible. The court has neither the means nor the right to determine why the parties in their contract specified 'shipment from Glasgow', instead of using the more general phrase 'shipment from Scotland', or merely 'shipment', without naming any place; but is bound to give effect to the terms which the parties have chosen for themselves. The term 'shipment from Glasgow' defines an act to be done by the seller at the outset, and a condition precedent to any liability of the buyer. The sellers do not undertake to obtain shipment, nor does the buyer agree to accept iron shipped at any other port."

The court has followed the foregoing decision of the Supreme Court of the United States, and adopted the rule therein stated as to place of delivery. Lodwick Lumber Co. et al. v. E. A. Butt Lumber Co., 35 Okla. 797, 131 Pac. 917.

The decision of the Supreme Court of the United States is equally apt as to time of

delivery in a mercantile contract being a condition precedent, and we hereby adopt it. This court has, in effect, announced the same rule in the case of Green Duck Co. v. Patterson & Hoffman, 36 Okla. 392, 128 Pac. 703.

The plaintiff failed to show performance as to time of delivery, and default in the performance of this condition precedent precludes a recovery.

Both parties introduced testimony as to the meaning under the custom of the mercantile business of the words "ship about October", to determine whether time was of the essence of the contract under the trade custom. The plaintiff, in making its case in chief, introduced evidence to explain the terms, and the defendant introduced evidence to contradict plaintiff's contention. Under these circumstances the plaintiff cannot complain of the court's instruction to the jury on this point, and is foreclosed by verdict. The court's instruction on this point was not erroneous. Winemiller v. Page, 75 Okla. 278, 183 Pac. 501. The plaintiff defaulted in the essential terms of the contract as to performance, and hence cannot recover.

The decision of the lower court is affirmed.

By the Court: It is so ordered.