### MARSHALL v. MILLER et al.

No. 13770—Opinion Filed Sept. 30, 1924.

Rehearing Denied Nov. 18, 1924.

**1. Contracts—Time as of Essence.**

Time will not be considered as the essence of a contract unless it is made to appear from the plainly expressed provisions of the contract that such was the intention of the parties.

**2. Same—Erroneous Instruction.**

There being no evidence that the parties considered time as an essential part of the contract, it was error to instruct the jury that time was of its essence and that they should find for the defendant unless they further found that defendant waived delivery within the time for delivery fixed in the contract, or extended the time.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Choctaw County; E. F. Lester, Assigned Judge.

Action by Nat Marshall against N. F. Miller et al. Judgment for defendants, and plaintiff appeals. Reversed.

Jordan & Burke, for plaintiff in error.

R. H. Stanley, for defendants in error.

Opinion by RAY, C. The judgment must be reversed because of the following instructions to the jury:

"(5) The court instructs the jury that

time was of the essence of the contract in this case, unless you further believe and find from the evidence that the time was extended by the defendants in this case, and unless you believe and find from the evidence that the defendants extended the time your verdict should be for the defendants.

"(9) You are instructed that if you find and believe from the evidence in this case that the plaintiff and defendant entered into a contract for the purchase and sale of 300 bales of cotton of a certain quality and kind to be delivered within ten days at Hugo, Okla. at compress, and that the plaintiff failed to deliver said cotton within ten days thereof, then in that event the contract was abrogated by the plaintiff, unless you further find from the evidence that the defendant waived said delivery within said ten days or extended the time of the delivery of the same."

There was nothing in the pleading or the evidence to justify these instructions. Plaintiff sued on an oral contract alleged to have been entered into by and between the plaintiff and defendants on the 10tl day of November, 1920, whereby plaintiff agreed to sell to defendants, and defendants agreed to buy from plaintiff, 300 bales of cotton, middling and better, at 20 1-4 cents per pound, f. o. b. compress at Hugo, to be paid for by defendants upon delivery. It was alleged that the 300 bales were so delivered at the compress at Hugo, and that the defendants accepted and paid for 239 bales, but refused to accept and pay for the 61 bales to plaintiffs' damage in the sum of $3,694.37.

Defendants answered, first, by general denial, and by paragraph 2 of the answer set out the terms of the contract, the same, in substance, as alleged in the petition, except that it was alleged that plaintiff guaranteed all the cotton to be equal in grade and staple to 50 bales then at the compress, which the defendants had examined, and that it was to be delivered f. o. b. compress at Hugo within 10 days. It was further alleged in the answer that immediately after the contract was entered into the price of cotton advanced, and that plaintiff repudiated his contract, that thereafter the price of cotton declined, and the defendants in a telephone conversation between the parties authorized the plaintiff to ship the cotton subject to their inspection, if he so desired, within the time limit of 10 days from the 10th day of November, 1920, that thereafter plaintiff shipped a portion of the cotton from Tuskahoma to Hugo, but that it was not of the grade or staple of the 50 bales examined by the defendants, and thereupon the defendants, notified plaintiff of such fact, that thereafter the plaintiff requested the defendants to dispose of the cotton for him to

the best advantage, and that they did dispose of all but 61 bales, and that the plaintiff thereafter offered to buy in for the defendants enough of the required quality to make out the 300 bales, but defendants declined to accept the offer; that at the time of the original oral contract the defendants had a contract to sell the cotton and could only give a limited time to the plaintiff within which to deliver such cotton as they would buy from them, that plaintiff failed both in point of time and his guarantee of quality, that at the time the cotton was shipped by plaintiff to Hugo there was no contract between the parties, and that the cotton was shipped subject to the inspection of the defendants, that the defendants had paid for all of the cotton they accepted, and were not liable for any sum for the 61 bales refused by them. To this answer plaintiff replied, by general denial.

It is disclosed by the evidence that plaintiff and defendants were in agreement as to the terms of the contract of sale in every particular except that the defendants testified that the plaintiff guaranteed all the cotton to be shipped, after the contract was made, to be equal in grade and staple to the 50 bales which the defendant had examined, while the plaintiff testified that there was nothing said about the staple. They were in agreement as to the number of bales to be delivered f. o. b. compress at Hugo, the price to be paid, and that all the cotton was to be middling or above. They also agreed that 150 bales were at the compress at Hugo at the time the sale was made, and that 160 bales were delivered to the compress at Hugo on the 22nd and 23rd days of November. That was two and three days after the time limit fixed in the contract. None of the cotton was accepted or paid for within the 10-day limit fixed by the contract. The 10-day limit expired November 20, 1920. November 23, the defendants accepted and paid for 100 bales. November 29, they accepted and paid for 66 bales, and December 10 they accepted and paid for 73 bales, but refused to accept or pay for the 61 bales for the reason that the staple did not come up to the staple of the 50 bales which they had examined before the contract was made.

F. W. Miller, one of the defendants, on direct examination, was asked this question, "Why did you refuse to take it?" (referring to the 61 bales), to which he answered, "Because it was short staple and we couldn't deliver it on contract." Both of the defendants testified in the case and neither testified that it was the understanding that time

was of the essence of the contract. Neither testified that the 61 bales were refused because not delivered within the time limit fixed in the contract. Section 5061, Comp. Stat. 1921, is as follows:

"Time is never considered as of the essence of a contract, unless by its terms expressly so provided."

In the case of Shenners v. Adams. 46 Okla. 368, 148 Pac. 1023, it is said:

"Under the above section, before time shall be the essence of a contract, it must be expressly stipulated therein. We do not base this case solely on the ironclad proposition expressed by the language of the statute, and are fully aware that no particular form of expression is necessary; but it must appear from the plainly expressed provisions of the contract, independent of all extraneous matters or circumstances, that it was the intention of the parties thereto that time should be the essence of the contract."

To the same effect, Standard Lumber Co. v. Miller & Vidor Lbr. Co., 21 Okla. 617, 96 Pac. 761; Snyder v. Stribling, 18 Okla. 168, 89 Pac. 222; Jackson v. Twin State Oil Co., 95 Okla. 96, 218 Pac. 325.

There was nothing in the evidence to indicate that either plaintiff or defendants understood that time was of the essence of the contract, and the conduct of the defendants in accepting 239 bales after the time limit fixed in the contract had expired, and their refusal to accept the 61 bales upon the sole ground that the staple did not come up to that of the 50 bales previously examined. would indicate to the contrary.

We think the giving of these instructions. 5 and 9, was error prejudicial to the rights of the plaintiff. The judgment should be reversed with directions to vacate the judgment and grant plaintiff a new trial.

By the Court: It is so ordered.