## MUIR v. McCULLAH.

No. 20722.  Opinion Filed March 24, 1931.

Seawell & Dooley, for plaintiff in error.

Phillips & Brooks, S. A. Duling, and C. R. Board, for defendant in error.

ANDREWS, J. The defendant in error brought an action in the district court of Okfuskee county against the plaintiff in error for specific performance of an agreement to convey an undivided one-fourth interest in and to the oil and gas within and under a certain tract of land.

The parties will be hereinafter referred to as plaintiff and defendant.

The record shows that the defendant agreed to convey the same to the plaintiff for a consideration of $500 to be paid upon delivery of the deed therefor; that the agreement was made on Saturday evening, January 12, 1929; that the deed was executed .showing the names of the parties, the description of the land, the amount of the consideration, and the other conditions of the deed; that a draft was executed in a form, as follows:

"The First State Bank 86707 No. ----
     "Castle, Oklahoma. January 12, 1929.
"3 days for approval of title.
"Pay to the Order of First State Bank & F. C. Muir $500.00
"Five Hundred & no/100 _____Dollars.
"Value Received and Charge to Account of
                                "F. C. Muir.
"To R. B. McCullah, Castle, Okla.
"Customer's Draft."

—that the deed and draft were left in a bank to be held by the bank pending the payment of the purchase price evidenced by the draft; that on the morning of the fourth day thereafter the defendant withdrew the deed and draft from the bank; that on the evening of the fourth day the plaintiff went to the bank to withdraw the deed and to pay the draft, and that the plaintiff has, at all times since, been ready, willing, and able to pay the consideration therefor.

The plaintiff contends that he was to have three week days for the approval of the title and that the deed and draft were

to remain in the bank for three week days, which, under the record, would give the plaintiff all of the 16th to pay the purchase price. The defendant contends that the deed was to be delivered and the consideration paid within three calendar days from the date of the draft, which, under the record, would give the plaintiff no part of the 16th in which to make the payment.

That issue was submitted to the court, and the court found "that said oil and gas grant, or mineral deed, was placed in the First State Bank of Castle, Okla., in escrow to be paid for by the plaintiff in three days." The plaintiff did not appeal from the finding or judgment, and the plaintiff is bound by that finding and judgment of the trial court as to that feature of the contract.

The court further found "that the plaintiff offered to pay the consideration for said contract on the 16th day of January, 1929, and that such offer was in compliance with and not in violation of said contract and that time was not of essence of said contract."

The defendant appealed from the finding and judgment, and the only issue submitted to this court by this record is whether or not there was error in the trial court in finding that time was not of the essence of this contract.

The plaintiff testified that he was to have "three week days," and that "I understood Wednesday night that the draft was to be taken up." The defendant testified that payment was to be made within three days. The scrivener who wrote the draft testified that his directions from the defendant were to "give him till Tuesday night," and that he told the plaintiff, "tomorrow is Sunday and you can't do anything. and I will just make a three-day sight draft and that will carry you till Tuesday night," and that he did not make any objection to it.

The record shows that no part of the purchase price was paid and that the understanding of the parties was that the payment of the purchase price was the condition precedent to the delivery of the deed or the vesting of any right to the property in the plaintiff. The property was being drilled for oil and the well being drilled was about to be completed. The completion of the well would materially affect the market value of the property.

Under the provisions of section 5061, C. O. S. 1921, time is never considered as of the essence of a contract, unless by its terms expressly so provided. In the case of Cooper v. Ft. Smith & W. Ry. Co., 23 Okla. 139, 99 Pac. 785, this court held that no particular form of expression is required, but that it must appear from the express provisions contained in the contract that it was the intention of the parties thereto that time should be of the essence thereof. Keeping in mind the fact that the contract sued on in this case is a parol contract and not a written contract, and that the deed and draft were offered and received in evidence only for the purpose of furnishing the signed note or memorandum necessary to bind the defendant, we have a situation where the plaintiff agreed to buy and the defendant agreed to sell the oil and gas interests for $500, payment to be made, as found by the trial court, within three days. The parties knew that there was being drilled on the premises a well for oil or gas and that the value of the property would depend upon whether or not the drilling well was a producer. Under those conditions the intent of the plaintiff may well be determined from his statement that he understood that the draft was to be taken up by Wednesday night. In other words, he did not understand that he was to have longer than Wednesday night in which to pay for the deed. To our mind that is conclusive of the fact that it was his intention and understanding that time was of the essence of the contract. To be sure, according to his testimony, he thought that Wednesday night was the limit of his time under the contract, but the trial court found that Tuesday night was the limit of his time fixed by the contract. The fact that he was mistaken as to the expiration of time is in no wise evidence of the fact that he thought this contract was to be open and that he was to have a reasonable time for the performance thereof, as provided by section 5060, C. O. S. 1921. Attention is called to that portion of section 5060, Id., which provides that if the act consists in the payment of money only, it must be performed immediately upon the thing to be done being exactly ascertained. Here the thing to be done was the payment of money only. The amount was not in dispute and, under that provision of the section, the payment was due immediately. The parties, however, contracted that the payment should not be made immediately, but that, as found by the trial court, it should be made within three days.

In Fulton Bag & Cotton Mills Co. v. Liberty Cotton Oil Co., 91 Okla. 174, 216 Pac. 930, the action was to recover damages for failure to accept and pay for merchandise purchased. The order for the goods pro-

vided "Ship about October, 1918." The goods were not delivered during the contract month. It was there held that no recovery could be had by reason of the default in the essential terms of the contract.

In Nelson v. Hamra, 127 Okla. 141, 259 Pac. 838, there was an attempt to procure specific performance of a contract for an assignment of an undivided three-fourths interest in an oil and gas lease. Therein the court held that, since the contract of purchase did not provide a time within which the abstract should be examined, it was the duty of the plaintiff to cause it to be examined promptly and either accept or reject the title promptly. In the case at bar the contract provided a time within which the title should be approved. In the Hamra Case the court held that where no time for performance was specified and when the nature of the subject-matter is such that its value necessarily changes, that is, either increases or decreases with the mere lapse of time, time is then of the essence of the contract. Under that rule, under the facts shown by the record in this case, time is of the essence of the contract.

The plaintiff relies on the holding that before time shall be of the essence of a contract it must be expressly stipulated therein and it must appear from the express provision contained in the contract, independent of all extraneous matter or circumstances, that it was the intention of the parties thereto that time should be the essence thereof, and cites in support thereof Standard Lumber Co. v. Miller & Vidor Lumber Co., 21 Okla. 617, 96 Pac. 761; Wiebener v. Peoples, 44 Okla. 32, 142 Pac. 1036; Shenner v. Adams, 46 Okla. 368, 148 Pac. 1023; Jackson v. Twin States Oil Co., 95 Okla. 96, 218 Pac. 324; Marshall v. Miller, 104 Okla. 144, 230 Pac. 494; and R. T. Stuart & Co. v. Graham, 117 Okla. 117, 245 Pac. 608. The first four of those cases involved written contracts, which of necessity must speak for themselves and which of necessity cannot be varied by parol evidence, and the rule stated by the plaintiff is controlling in that class of cases. Marshall v. Miller, supra, involved a parol contract, and the court found that there was no evidence that the parties considered time of the essence of the contract. In R. T. Stuart & Co. v. Graham, supra, it was held that where the lessor had received rent a few days late, without objection, over a period of time, he could not hold the lessee strictly to payment at the time the rent fell due without giving him notice to that effect. We find no conflict between the cases cited and the rule herein announced.

It will be noted from an examination of the decisions that the rule with reference to time being the essence of the contract and the determination thereof is much more strict with reference to written contracts than with reference to parol contracts. Where the contract is in parol and the intention of the parties is to be judged not only from what is said but from the extraneous circumstances and the conditions existing at the time, the intention with reference to whether or not time shall be of the essence shall be determined in the same manner.

This being an equity case and the finding of the trial court that time was not of the essence of the contract being clearly against the weight of the testimony, the judgment of the trial court is reversed and the cause is remanded, with directions to render judgment in favor of the defendant.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY. JJ., concur. CLARK, V. C. J., and HEFNER, J., absent.