## OKLAHOMA IMPROVED SEED CO. v. SMITH.

No. 24870. Nov. 5, 1935.

Rehearing Denied Nov. 26, 1935.

Barefoot & Carmichael, for plaintiff in error.

D. M. Cavaness, for defendant in error.

PER CURIAM. This action was instituted in the district court of Grady county by the defendant in error, as plaintiff, against the plaintiff in error, as defendant, to recover upon two causes of action: The first, for the sum of $80 for failure to accept a crop of June corn; and the second, for the sum of $1,072.50 for failure to accept a crop of cane seed grown by the plaintiff for the defendant upon plaintiff's land, according to the terms of a written contract between the parties. The plaintiff failed to recover upon his first cause of action, but recovered judgment for the sum of $786.50 upon his second cause of action. Only the second cause of action is involved in this appeal. The parties will be hereinafter referred to as they appeared in the trial court.

On the 22nd day of January, 1931, the parties entered into a written contract by the terms of which the plaintiff agreed to grow upon his land for the defendant a field of cane and to harvest, thresh and deliver the same to the defendant f. o. b. cars at Watonga, Ok'a., between October 15, and December 15, 1931, the exact date to be mutually agreed upon, for which the defendant agreed to pay plaintiff the sum of $1.50 per hundred pounds, to cover the cost of growing, harvesting, rents and delivery, the seed for planting to be furnished by the defendant.

The plaintiff in his petition alleged, in substance, that, pursuant to said contract, he planted 100 acres of his land to cane, using the seed furnished by the defendant, and cultivated and harvested said crop and placed the same in shock by direction of the agent of the defendant, and was ready to have the said cane seed threshed and delivered to the defendant prior to the 15th day of December, 1931, and would have done so, except for the direction and request of the defendant, through its agents, that the threshing and delivery of said cane be delayed; that, notwithstanding the specific request and direction of the defendant not to thresh and ship the said cane prior to the 15th day of December, 1931, and the compliance with such request and direction by the plaintiff, the defendant, on the 26th day of December, 1931, notified the plaintiff, by letter written by its general manager, that the defendant was canceling the said contract, and that plaintiff was at liberty to make such disposition of said cane seed as he saw fit; that plaintiff threshed said cane seed in January, 1932, and requested the defendant to purchase the same, as provided by said contract, but that the defendant, through its agents, refused to purchase the same, and that plaintiff was unable to sell the same elsewhere; that said crop of cane produced 71,500 pounds, and prayed judgment against the defendant for the sum of $1,072.50, the value of said seed according to the terms of said contract.

The defendant by its answer admitted the execution of said contract and the growing

of said cane and denied generally the other allegations of plaintiff's petition, and specifically denied that the defendant at any time agreed to waive the provisions of said contract requiring the plaintiff to deliver said cane seed to the defendant on or before the 15th day of December, 1931, or to extend the time of such delivery beyond the date mentioned in the contract, and denied that it was indebted to the plaintiff upon said contract in any sum.

The cause was tried by a jury, and a verdict returned for the plaintiff, upon his second cause of action, for the sum of $786.50, and judgment rendered accordingly. From the judgment so rendered the defendant appeals, and, as grounds for reversal, presents its assignments of error under three propositions, the substance thereof being:

First, that the plaintiff was not entitled to recover for the reason that the cane seed in question was not delivered within the time provided by the contract; and, second, because no contract in writing and no executed oral agreement were made granting the plaintiff an extension of time within which to deliver said cane seed.

It is first contended by defendant that time was of the essence of said contract, and that, as the evidence disclosed that the cane seed was not delivered within the time mentioned in the contract, plaintiff was not entitled to recover. Section 9482, O. S. 1931, provides:

"Time is never considered as of the essence of a contract, unless by its terms expressly so provided."

Defendant in its brief cites, in support of its contention, the following Oklahoma cases: Cooper v. Ft. Smith & W. R. Co., 23 Okla. 139, 99 P. 785; Standard Lumber Co. v. Miller & Vidor Lumber Co., 21 Okla. 617, 96 P. 761; Green Duck Co. v. Patterson & Hoffman, 36 Okla. 392, 128 P. 703; Fulton Bag & Cotton Mills v. Liberty Cotton Oil Co., 91 Okla. 174, 216 P. 930, construing the section of the statute above quoted, the said cases holding, in effect, that no particular form of expression is required, but that it must appear from the express provisions of the contract that it was the intention of the parties thereto that time should be the essence thereof. An examination of the cases cited will disclose that in each case the contract under consideration clearly expressed the intention of the contracting parties that time should be of the essence thereof. In order to determine this question with reference

to the contract under consideration in the instant case, it is necessary to consider certain provisions thereof hereinafter quoted. The first, fifth, sixth, and eighth paragraphs of said contract are as follows:

"1. Oklahoma Improved Seed Co., Inc., Chickasha, Okla., and D. C. Smith, landowner and tenant, Watonga R. #2, hereinafter referred to as 'Grower' make the following agreement for growing a field of cane for the Oklahoma Improved Seed Co., for current season 1931."

"5. Oklahoma Improved Seed Co. agrees to pay Grower, to cover cost of growing, harvesting and rents, and delivering above field of seed heads to Oklahoma Improved Seed Co., as called for under these agreements @ $1.50 per 100# when delivery is made. Harvested as follows: threshed not over 5% crock f. o. b. Watonga."

"6. Oklahoma Improved Seed Co. agrees to receive, and Grower agrees to deliver, the entire crop grown under this contract, between the 15th day of Oct. and the 15th day of Dec. 1931, the exact date to be mutually agreed upon. It is agreed to and understood that early delivery is desired by the Oklahoma Improved Seed Co. to prevent possible damage by weather or other cause."

"8. All planting seed supplied by Oklahoma Improved Seed Co. not used in planting the above field will promptly be returned. If for any reason the crop grown under these agreements should become mixed or damaged in any way to make it unmarketable for seed, the Grower may make any disposition he wishes of the crop and the Oklahoma Improved Seed Co. will make no claim against him; it is understood and agreed to that this crop of seed is grown especially for the Oklahoma Improved Seed Co., and cannot be sold, traded or bartered without consent of Oklahoma Improved Seed Co."

It will be noted that in the first paragraph of said contract it was provided that the field of cane was to be grown by the plaintiff for the defendant. The sixth paragraph provided that the crop was to be delivered between October 15th and December 15th, the exact date of delivery to be mutually agreed upon. In the eighth paragraph it was specifically provided that said crop was grown especially for the defendant and could not be sold, traded or bartered without consent of the defendant. Under these provisions it was clearly the intention of the parties that the plaintiff was furnishing his land and his labor for the growing of the specified crop for the defendant and was to act under and rely upon the directions of the defendant, and that he did so is clearly shown by the evidence. The only material conflict in the

evidence was with reference to whether Jack Evans, the agent of the defendant, stated to the plaintiff that the defendant would extend the time of delivery of the crop beyond the 15th day of December, and, as the jury by its verdict resolved this conflict in favor of the plaintiff, under the uniform holdings of this court their finding in that respect is conclusive. Although the contract provided two dates between which the cane crop was to be delivered, it further provided that the exact date of delivery was to be mutually agreed upon. Not only does the evidence show that the plaintiff received directions from Jack Evans, agent of the defendant, which caused him to delay the harvesting and threshing of the crop beyond the 15th day of December, 1931, but it was further shown that on the 7th day of December, 1931, the defendant wrote to plaintiff the following letter:

"Oklahoma Improved Seed Co.

"Chickasha, Oklahoma, December 7, 1931. "Mr. D. C. Smith,

"Watonga, Oklahoma.

"Dear Mr. Smith:

"Answering your letter of the 4th:

"If your cane seed will not be in proper condition for threshing before the 15th it would be foolish of course to thresh and deliver it before it was in proper marketable condition because we could not receive it if it has excessive moisture in it.

"Jack started for Geary today and we suppose while he is in that neighborhood he will see your crop also and then decide whether or not it is fit to thresh but if he fails to see you do not try to thresh the crop until it is certain to be in proper condition. However, we expect Jack will see you today and talk matters over with you.

"Very truly,

"Oklahoma Improved Seed Co. Inc.

"By J. F. Hickey, Mgr.

"JFH/mfh"

In construing section 9482, supra, in the case of Peters v. Bledsoe, 78 Okla. 256, 190 P. 407, this court said:

"Where a written agreement does not in express terms provide that time shall be considered the essence thereof, and the court so finds, and finds also that under the evidence the failure on the part of one of the parties to comply strictly with the terms as to exact time was excused by the conduct of the other party, and the evidence is sufficient to sustain such latter finding, it is not error in such case for the court to decline to go further and decide whether time was the es-

sence of the contract by necessary implication."

In view of the fact that the contract under consideration provided that the crop was to be grown by the plaintiff for the defendant, and that the time for delivery, although stated to be between October 15th and December 15th, was to be mutually agreed upon, and further provided specifically that the crop was grown especially for the defendant and could not be sold, traded or bartered without the consent of the defendant, it is hard to conceive how the plaintiff, or any other reasonable man so situated, could have pursued a different course from that pursued by the plaintiff under the contract. We find, therefore, the contract with respect to the time of delivery is ambiguous.

One party to a contract who is entitled to demand performance of a condition precedent may waive such performance by acts evidencing such intention, especially where the other party changes his position in reliance upon such waiver. Bu-Vi-Bar Petroleum Corp. v. Krow, 40 Fed. (2d) 490; Finlay v. Swirsky, 103 Conn. 624, 131 A. 420; California Raisin Growers Ass'n v. Abbott, 160 Cal. 601, 117 P. 767; Ashland Coal, etc., Co. v. Hull Coal, etc., Corp, 67 W. Va. 503, 68 S. E. 124. A party to a contract may waive a right by conduct or acts which indicate an intention to relinquish it, or by such failure to insist upon it that the party is estopped to afterwards set it up against the other party. Campbell v. Frye, 145 Okla. 213, 292 P. 7.

In Bigelow on Estoppel (6th Ed.) 717, the rule is stated as follows:

"Where by the course of conduct of one party to a contract, entitled to the performance of certain terms or conditions thereof, the other party has been led to believe, as a man of average intelligence, that such performance will not be required, until it has become too late to perform, or until to insist upon performance would work material injustice, the person who has so conducted himself is barred from asserting the right he had."

In the case under consideration the evidence showed that the plaintiff fully performed the requirements of the contract with reference to the planting, cultivation and cutting of the crop of cane for the defendant, and that he was ready to thresh and deliver the same before the 15th day of December, and would have done so had it not been for the statements and directions of the agents of the defendant. It would be manifestly unjust to hold that the plaintiff, al-

though he had furnished his land and labor in the growing of the crop in question for the defendant, as provided in the contract, because he had delayed the threshing and delivery of the crop at the specific direction of the defendant until he was unable to make delivery on or before December 15th, could not recover for the use of his farm land for one year and the fruits of his labor in the growing of said crop. In view of the conduct of the defendant, through its agents, which caused the plaintiff to delay the threshing and delivery of the cane crop within the date mentioned in the contract for its delivery, the defendant cannot be permitted to take advantage of its own wrong and thus escape liability under said contract.

The contention of the defendant that there was no written contract or executed oral agreement between the parties extending the time of delivery is borne out by the evidence; but, in view of the conclusions hereinbefore stated, that question is not material to the decision of this case.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys H. S. Burke, Neal A. Sullivan, and Irving D. Ross in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Burke and approved by Mr. Sullivan and Mr. Ross, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.