## STORY v. PALMER. (No. 1893.)

(Court of Civil Appeals of Texas. El Paso. May 6, 1926.)

**1. Trover and conversion ☞2.**

Money is subject of conversion only when it can be described or identified as specific chattel.

**2. Trover and conversion ☞2.**

Creditor has no title to cash in possession of debtor, and, therefore, one accepting cash from debtor is not liable as for conversion of money.

**3. Contracts ☞85—Promise of one to whom debtor has paid money in part .payment of property, and who has decided to rescind, to hold money for creditor, held invalid as without consideration.**

Where one accepts money from debtor of another in part payment of property, and later decides to rescind, promise to creditor not to return money to debtor, but to hold it for creditor, *held* without consideration, and not waiver of title to money.

**4. Estoppel ☞78(1)—One promising creditor to return funds of debtor in his hands is not estopped to deny possession of funds, though creditor sues in reliance thereon.**

One accepting money from debtor in part payment for property, and who thereafter decides to rescind, is not estopped to deny possession of money by his promise to hold money for creditor, relying on which creditor filed suit.

Appeal from Comanche County Court; R. A. Luker, Judge.

Action by N. E. Palmer against N. W. Story and another. Judgment for plaintiff, and defendant named appeals. Reversed and .rendered.

A. B. Haworth and Bob McCampbell, both of Comanche, for appellant.

Geo. E. Smith, of Comanche, for appellee.

HIGGINS, J. Palmer sued J. W. Webb and N. W. Story, alleging the following facts: From November 2, 1922, to April 1, 1924, Webb was an employee of plaintiff in a marble yard; Webb's compensation being one-half of the net profits of the business. During said time Webb received $1,389.64 and collected $475 from Miss Rebecca White and $130 from Clarence Henderson for marble sold. One-half of the net profits of the business was $1,553.32, which Webb was entitled to as compensation for his services, leaving a balance of $431.32 due plaintiff by Webb. In some kind of a trade between Webb and Story the former paid to the latter $200 of funds collected from customers of the business for marble sold. Said marble was subject to a lien held by the First State Bank. Said sum of $200 rightfully belonged to plaintiff, and Story was immediately notified thereof as soon as it was paid to him by Webb. Webb is insolvent, and is liable to plaintiff for above balance, and had no authority to pay out funds belonging to the business, except with plaintiff's consent. The prayer was for judgment against Webb for the amount due and against Story for said $200.

Upon trial without a jury Palmer recovered judgment against Webb for $324.97 and against Story for $200 to be applied as a credit upon the judgment against Webb. No findings were filed by the court below. Story appeals.

.The evidence shows that Webb's connection with the marble yard business was probably that of a partner, rather than employee, but it makes no difference which was the true relationship. The evidence further discloses that Webb collected from Miss White $475 as by the plaintiff alleged. This money he deposited in bank to his own credit. Thereafter Story sold Webb a car for $400, $200 of which was paid in cash, and the balance to be paid by the delivery of a monument. Webb withdrew the $200 from the bank, and paid it to Story, and the latter delivered the car. Story did not know where Webb obtained the $200. Shortly after the trade Story learned that the bank was claiming a lien on the monument agreed to be delivered by Webb. He was also advised that Palmer was claiming to be the owner of the $200 which Webb had paid. Thereupon he went to see Webb, and their trade was rescinded; Webb returning the car to Story, and the latter returning the $200 to Webb.

[1] In his original petition the plaintiff seems to base his right to recover upon the theory that Story was liable as for conversion of $200 belonging to the plaintiff. Money "is a subject of conversion only when

───────────
☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

it can be described or identified as a specific chattel." 38 Cyc. 2014, 2015. "From its nature the title to money passes by delivery, and its identity is lost by being changed into other money or its equivalent in the methods ordinarily used in business for its safe-keeping and transmission." * * * 26 R. C. L. 1102.

[2] Webb was indebted to Palmer, but the latter had no title whatever to the $200 in cash which Story received from Webb. It is wholly inadmissible to say that Story became liable to Palmer as for conversion of money.

[3, 4] In a supplemental petition, the plaintiff set up a promise on the part of Story not to pay the money to Webb and to "hold the same until it should be determined to whom said funds should be paid," and, relying upon such statement and promise, he had filed this suit at an expense and inconvenience whereby Story was estopped to deny possession of such fund or to assert any right thereto.

As we have seen, Palmer had no title to the money paid by Webb. When Webb paid the money to Story, it became the property of the latter. He could dispose of it as he pleased. The promise was without consideration, and was not a waiver of Story's title. The money being Story's, he had a right to rescind his trade with Webb and return to Webb the money paid by the latter in his effort to avoid litigation. This matter presents no estoppel. The doctrine of tracing trust funds set up in appellee's brief has no application. In asserting liability upon that theory, appellee assumes that Palmer owned the money. This premise is false.

Reversed and rendered.