## SMITH v. BURNS et al.
### No. 1671.

Court of Civil Appeals of Texas. Eastland.
May 28, 1937.

Rehearing Denied June 25, 1937.

Robt. L. Thompson, of Stephenville, for appellant.

Chandler & Chandler and Oxford & McMillan, all of Stephenville, for appellees.

FUNDERBURK, Justice.

J. E. Smith sued to recover of E. L. Burns and Farmers-First National Bank of Stephenville, jointly and severally, the sum of $125.48, being the amount of a deposit by Smith in said bank. The bank paid the amount of the deposit to E. L. Burns upon presentation to it of duly authenticated letters of guardianship showing his appointment and qualification as the guardian of Smith, a non compos mentis. Plaintiff's petition in part alleged that "said defendants Farmers-First National Bank of Stephenville and said E. L. Burns acting together as well as severally took into their possession, and possession of each of them, plaintiff's account with said bank in the sum of $125.48, and without his knowledge or consent, and converted said money unto their own use and for the use of each of them; plaintiff has made many demands on said defendants, and each of them, for the return of said money and for its payment to him, but that they, and each of them, fails and refuses to pay over to him said money, or any part thereof."

Other allegations show the basis of Smith's claim to be the asserted invalidity of orders of the probate court adjudging plaintiff a lunatic and appointing Burns as his guardian, and a subsequent final adjudication by the same court of the invalidity of said orders.

After said orders were declared void by judgment of the court, Burns, the guardian, presented an account for settlement in which, among other things, he claimed credit for the $125.48 received from said bank. The account was allowed by the county court, but, upon appeal to the district court, the whole proceeding was dismissed on the theory that, the lunacy judgment and appointment of the guardian being void, the court had no jurisdiction to hear and approve the guardian's account.

The defendants, among other things, pleaded that Burns, the guardian, had used the entire $125.48 for the use and benefit of Smith.

Upon a jury trial a verdict in response to a peremptory instruction was returned for the defendants. Plaintiff asked for a peremptory instruction in his favor which was denied.

The pleadings of plaintiff purport to claim the $125.48 on the theory that the defendants had jointly and severally converted that sum of money belonging to plaintiff. If such were the only cause of action attempted to be alleged, there would be no escape, we think, from the conclusion that the pleadings were insufficient. The relation of the bank to Smith presumptively, and for aught there is alleged to show the contrary, was the relation of debtor and creditor. The money when deposited became the property of the bank. 7 Am.Jur. p. 313, § 444; 6 Tex.Jur. p. 225, § 95; Id. p. 231, § 99. "It is elementary," states the last-cited authority, "that the making and acceptance of an ordinary deposit creates, as between the bank and the depositor, the relation of debtor and creditor, the title to the money or other thing deposited passing to the bank." It follows that, if it should be conceded that the bank was wholly without authority to pay the amount of the deposit to Burns as guardian of Smith, no right of action based alone upon such lack of authority would arise in favor of Smith against Burns. Story v. Palmer (Tex.Civ.App.) 284 S.W. 331. Two reasons (each independently sufficient) compel this conclusion. The first is that Smith had no title to the money necessary to support an action for its conversion. The second is that, if he did have, there was no such description or identification of it as a specific chattel to constitute it the subject of conversion. Story v. Palmer, supra. If, therefore, plaintiff's pleadings can be regarded as sufficient to state a cause of action against either defendant, that can be true only upon the view that they show the nature of the suit is that of an action of debt against the bank to recover the amount of the deposit. The questions raised will be considered upon that interpretation of the pleadings.

The bank, as debtor to Smith, owes him the $125.48 unless (1) the payment of $125.48 to Burns as Smith's guardian was in law payment to Smith, or (2) the presentation to the bank of duly authenticated letters of guardianship and the consequent payment of the money to Burns legally excuses the bank from making payment to Smith.

The order adjudging Smith to be a lunatic recited that "whereupon came the said J. E. Smith in person." Among other things, it set forth the verdict of the jury, including findings that J. E. Smith, the defendant, was of unsound mind, and that it

was necessary that he be placed under restraint. The order shortly thereafter entered appointing Burns as guardian recited in part that "the court finds and decrees that notice and citation has been duly and legally issued on said application [of Burns] as is provided by law and the court further finds that due and legal return of the service of said notice and citation has been made as required by law, and the court finds and decrees that due and legal notice and citation on said application has been issued, served and returned as is provided by law, and that this court has jurisdiction of this cause."

This suit constitutes a collateral attack upon these judgments. Unquestionably the probate court had jurisdiction of the subject matter. It had jurisdiction of the person of the defendant and of each of the actions in question if the foregoing recitations in the judgment were true. In this suit, being of the nature stated, it was not permissible for plaintiff to show either by parol evidence or by parts of the record, other than said judgments or orders, that the recitations were in fact not true. A correct statement of the law is, "if a judgment contains satisfactory recitals of jurisdictional facts—such as that the defendant was duly served with process or that he appeared in person or by attorney—these recitals are controlling, and the remainder of the record may not be looked to." 25 Tex.Jur. p. 853, § 328.

It is deemed immaterial that the judgments or orders upon the invalidity of which plaintiff predicated his case may be, or in fact were, upon direct attack adjudged to be void. The defendant bank, charged with no want of good faith, or with knowledge of any invalidity of said orders, or of facts imposing a duty of inquiry beyond the matters disclosed by the letters of guardianship, or at most by the face of the orders themselves, must have its rights to whatever extent, if any, dependent upon the validity of such orders, determined by the rules governing collateral attacks upon judgments or orders of a court of competent jurisdiction.

■ The record does not show with certainty the nature of the action in which the county court adjudged its former orders (declaring Smith to be a lunatic and appointing Burns to be his guardian) to be null and void. Whether the pleading by which such action was initiated was a motion for new trial or a bill of review under authority of R.S.1925, art. 4328, would perhaps be dependent upon whether it was filed at the same term as that in which said orders were made or at a subsequent term. This fact is not shown; nor is it one of which we may take judicial knowledge. Whatever the nature of such action defendant bank was not made a party to it. Without implying any contrary result, had the bank been before the county court as a party to the undoubtedly direct action by which the orders were adjudged to be void, we shall rest with a statement of our conclusion that, the bank not having been a party to such direct action, this suit as to it is under any reasonable view to be regarded as a collateral attack.

■ As we see it, no rights of the parties (regarding the parties as Smith and the bank) are determinable by application of the principle of res adjudicata. That principle can have no application here for at least two independent reasons: First, res adjudicata is not applicable unless the parties to the second action were either parties or privies to the former action. As already said, the bank was not a party to the action in which the account of the guardian was contested. Its rights matured before that action had its beginning, and, therefore, it was not privy to same. Second, the principle of res adjudicata can have no application where the court in the former action had no jurisdiction or held that it had none and disposed of the action accordingly. On appeal to the district court from the order of the probate court approving the account of the guardian, the district court held that it had no jurisdiction and dismissed the action. An adjudication on the merits was necessary for the judgment to become res adjudicata of a subsequent action even between the same parties. 34 C.J. p. 887, § 1294.

It is our conclusion that the judgment as to defendant bank should be affirmed. The judgment as to the defendant Burns cannot properly be affirmed because no cause of action was alleged against him. It is our conclusion that as to him the judgment should be reversed, but as it appears no cause of action of the general nature attempted to be stated could be asserted against him, the cause as to him will be dismissed. All costs of appeal, as well as of the trial court, however, are assessed against appellant. It is accordingly so ordered.