## FIRST CITY NAT. BANK v. RHODE.

### No. 10538.

Court of Civil Appeals of Texas. San Antonio.

May 10, 1939.

Rehearing Denied June 14, 1939.

Wiseman & Murray, of Floresville, for appellant.

Taber Stone and Lester Whipple, both of San Antonio, and William R. Quilliam, of Hebbronville, for appellee.

SLATTON, Justice.

Julia E. Rhode, who resides in Wilson County, filed suit in the 45th District Court of Bexar County, against W. R. Wiseman, who resides in Bexar County, and First City National Bank of Wilson County, Texas.

It was alleged that on March 1, 1929, Mrs. Rhode entrusted the sum of $1,500 to the safe-keeping of the Bank. That the Bank loaned her money to W. R. Wiseman. That such loan was unauthorized. When she learned of the loan she protested and the Bank advised her that her money was safe, and that she could draw her money any time on demand. That on March 1, 1938, a demand for the money was refused by the Bank. That Wiseman and the Bank conspired together to defraud Mrs. Rhode of her money. She prayed for judgment in the sum of $1,500, interest and costs.

The Bank filed a statutory plea of privilege to change the venue to Wilson County. Mrs. Rhode filed a controverting affidavit. After a hearing the court overruled the plea and the Bank appeals.

The proof shows that the Bank and its predecessor held securities belonging to Mrs. Rhode, which were sold by the Bank, with her consent, and the proceeds thereof deposited in the Bank for her account. The Bank loaned $1,000 to W. R. Wiseman and made a charge against the account of Mrs. Rhode for said sum and accepted a promissory note from Wiseman payable to Mrs. Rhode. Thereafter the loan to Wiseman was increased to $1,500. A note for $1,500, executed by Wiseman, payable to Mrs. Rhode, was accepted by the Bank and her account charged with said sum, and such account was credited with $1,000, plus a small interest payment; the interest payment being the interest upon the $1,000 from the date of the first transaction to the fifteen hundred dollar one. The Bank claimed that Mrs. Rhode authorized the loan to Wiseman; while Mrs. Rhode claimed the loan to be unauthorized.

The trial court found that the loan to Wiseman was not authorized by Mrs. Rhode, but further found that Wiseman had no knowledge of the lack of authority upon the part of the Bank. The trial court found that the Bank and Wiseman did not conspire together to defraud Mrs. Rhode of her money.

Under the evidence and the finding of the trial court the relation of debtor and creditor existed between the Bank and Mrs. Rhode. Stone Fort National Bank of Nacogdoches v. Forbess, 126 Tex. 568, 91 S.W.2d 674. If the loan to Wiseman by the Bank was unauthorized, as the trial court found, the Bank, under the facts here, did not lend Mrs. Rhode's money to Wiseman; therefore, Wiseman would not become liable to Mrs. Rhode. The case might be different if Mrs. Rhode had been able to identify her specific money into the hands of Wiseman. Story v. Palmer, Tex.Civ.App., 284 S.W. 331. It must be noted also that Mrs. Rhode did not sue upon the note executed by Wiseman.

We are of the opinion that under the evidence and the findings of the trial court Mrs. Rhode failed to show any cause of action against the resident defendant, Wiseman. Richardson v. D. S. Cage Co.,

113 Tex. 152, 252 S.W. 747. Hence the trial court erred in overruling the plea of privilege of the Bank. The order of the trial court will be reversed and rendered. The cause against the Bank will be transferred to the District Court of Wilson County in accordance with law.

MURRAY, J., did not participate in the decision of this case.