**NATIONAL MORTGAGE CORPORATION OF AMERICA, Appellant,**

v.

**Noma STEPHENS, Appellee.**

**No. 08–85–00267–CV.**

Court of Appeals of Texas, El Paso.

Dec. 10, 1986.

Rehearing Denied Jan. 14, 1987.

Jack C. Spillman, Roy Stacy, Calhoun, Gump, Spillman & Stacy, Dallas, for appellant.

David Gilles, Austin, for appellee.

Before OSBORN, C.J., and SCHULTE and ARMENDARIZ, JJ.

## OPINION

OSBORN, Chief Justice.

This is an appeal in a suit for conversion from a judgment based in part upon a partial summary judgment, in part upon an instructed verdict and in part upon a jury verdict. We affirm in part and reverse and render in part.

The basic facts are not in dispute. In 1981, Noma Stephens purchased a mobile home and executed a retail installment contract. The contract required her to maintain comprehensive physical damage insurance on the home with a loss-payable clause in favor of the owner of the contract. The mobile home was destroyed by a fire on November 17, 1982. In February, 1983, Acceptance Insurance Company, which provided the required coverage, issued a draft payable to Noma Stephens and National Mortgage Corporation of America, the owner of the installment contract, for the sum of $27,273.00. This draft was to pay $17,473.00, less a $200.00 deductible amount, for the damage to the mobile home, furniture and appliances, and $10,-000.00 for personal effects owned by Noma Stephens which were destroyed in the fire. Noma Stephens endorsed the draft and mailed it to National Mortgage Corporation of America. At the time the draft was received by National Mortgage Corporation of America, Noma Stephens was in default on her installment contract payments, having failed to pay $408.42 as required on December 1, 1982, January 1, 1983, and February 1, 1983. The unpaid balance on the contract as of February 1, 1983, was $25,078.65. National Mortgage Corporation of America applied the proceeds of the draft to pay off the installment contract and returned to Noma Stephens the balance of $2,194.35. After she received the title in September, 1983, she sold the salvage for $1,500.00. This suit was filed to recover the $7,805.65 which National Mortgage Corporation of America applied out of the sum paid to Noma Stephens for her personal effects, to pay off the installment contract. She also sought to recover exemplary damages for the willful and malicious conversion of the funds paid to her in the insurance draft.

The trial court entered a partial summary judgment awarding Noma Stephens the sum of $7,805.65. At the conclusion of the evidence in the jury trial, the court granted National Mortgage Corporation of America's motion for instructed verdict for the sum of $7,805.65 as the unpaid balance owed on the installment contract. In the issues submitted to the jury, they found: (1) National Mortgage Corporation of America acted willfully and maliciously in taking $7,805.65 from the insurance proceeds belonging to Noma Stephens, (2) that she should be awarded exemplary damages in the amount of $125,000.00, (3) that National Mortgage Corporation of America

failed to transfer title to the mobile home within a reasonable time, (4) that such delay was a producing cause of the reduction in value of the mobile home and (5) the loss resulting from such delay was $2,500.00. The final judgment awarded Noma Stephens $127,500.00, plus interest and costs.

■ The first point of error asserts the trial court erred in granting the motion for summary judgment because the proceeds of a check cannot serve as the subject matter of a conversion under the facts of this case. The general rule is set forth in *Upper Valley Aviation v. Mercantile National Bank,* 656 S.W.2d 952 (Tex.App.—Dallas 1983, writ ref'd n.r.e.), as follows:

An action in conversion will lie for the recovery of money only if the money can be identified as a specific chattel. However, when an indebtedness can be discharged by payment of money generally, an action in conversion is inappropriate to enforce the debt.

In *First National Bank of Bellaire v. Hubbs,* 566 S.W.2d 375 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ), suit was brought to recover the sum of money removed by the bank from a depositor's checking account without his authority. The court stated the general rule as quoted above and held that conversion was the wrong theory to have been submitted to the jury.

As early as 1926, this Court in *Story v. Palmer,* 284 S.W. 331 (Tex.Civ.App.—El Paso 1926, no writ), said:

Money "is a subject of conversion only when it can be described or identified as a specific chattel." 38 Cyc. 2014, 2015. "From its nature the title to money passes by delivery, and its identity is lost by being changed into other money or its equivalent in the methods ordinarily used in business for its safe-keeping and transmission." * * * 26 R.C.L. 1102.

That holding was followed in *Graham v. Turner,* 472 S.W.2d 831 (Tex.Civ.App.—Waco 1971, no writ), where suit was brought to recover an interest in the proceeds obtained from the sale of the assets of a corporation. The plaintiff also sought the recovery of exemplary damages. In setting aside the award of exemplary damages, the court said:

Appellee contends that this is a suit for conversion, and therefore exemplary damages are authorized. We do not agree. This suit is for the recovery of money, and money is a subject of conversion only when it can be described as a specific chattel. 38 Cyc. 2014, 2015. From its nature the title to money passes by delivery, and its identity is lost by being changed into other money or its equivalent in the methods ordinarily used in business for its safe-keeping and transmission. 26 R.C.L. 1102. *Story v. Palmer* (El Paso, Tex.Civ.App.1926), 284 S.W. 331, no writ history.

There may be a conversion where there was an obligation to return specific money, but not where an indebtedness may be discharged by payment of money generally. *Hull v. Freedman* (Fort Worth, Tex.Civ.App.1964) 383 S.W.2d 236, writ ref'd., n.r.e.; *Marston v. Hill* (El Paso, Tex.Civ.App.1930), 32 S.W.2d 520, no writ history; 14 Tex.Jur.2d, "Conversion," p. 17, par. 11. In the instant case, this was an indebtedness which was dischargeable by the payment of money generally, and therefore could not be the subject matter for a conversion suit.

In our case, there certainly was no conversion of the draft itself and Appellee does not so contend. Noma Stephens both endorsed and delivered the draft to National Mortgage Corporation of America for the express purpose of having it placed in line for payment and to obtain the funds from the bank on which the draft was drawn. That process did not involve any specific money, although a specific amount was involved.

Once the draft was paid, National Mortgage Corporation of America had credited to its account $27,273.00. Again, no specific money, coins or bills were involved, only funds generally. At that time, National Mortgage Corporation of America had not accelerated the payments called for in the

installment contract and was not entitled to retain the full $7,805.65 which was the unpaid balance on the contract. It was obligated to tender the $10,000.00, less the amount for the three payments which were past due, to Noma Stephens. That obligation could have been discharged by sending her cash, a check, or a bank money order. The payment of money generally was all that was required. There was no specific money which was required to be tendered and which resulted in a conversion when National Mortgage Corporation of America failed to deliver the funds which rightfully belonged to Noma Stephens.

The Appellee relies upon *Houston National Bank v. Biber*, 613 S.W.2d 771 (Tex. Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.); *Suddarth v. Poor*, 546 S.W.2d 138 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.); *Jones v. Young*, 539 S.W.2d 901 (Tex.Civ.App.—Texarkana 1976, writ ref'd n.r.e.). In the *Biber* case, the court held that conversion was the proper remedy where the money was required to be kept segregated and substantially in the form in which it was received or as an intact fund. There was no suggestion that any part of the funds from the draft was to be segregated. Noma Stephens endorsed and delivered the draft with the intention that the entire amount was to be collected and paid to National Mortgage Corporation of America and then by it dispersed in part to Noma Stephens. Noma Stephens did not have a separate account or an intact fund where her part of the proceeds could have been segregated and deposited subject to payment to her.

In *Jones v. Young, supra*, there was a conversion of specific certificates of deposit when they were endorsed and cashed without proper authority. In our case, National Mortgage Corporation of America had full authority to place the draft in line for payment, the bank to which the draft was tendered had every right to accept and collect according to its terms and payment was made with proper authority based upon the endorsements by the payees.

In *Suddarth v. Poor, supra*, the issue as to conversion of money was not raised and the court did not pass on that issue.

We conclude that Noma Stephens did have a cause of action for money had and received. 6 Tex.Jur.2d, Assumpsit, sec. 6 (1959). But, there was no conversion and Point of Error No. One is sustained.

■ The contention is made in Point of Error No. Five that there can be no recovery for exemplary damages arising from a conversion where there are no actual damages. Under the holding in *Bellefonte Underwriters Insurance Company v. Brown*, 704 S.W.2d 742 (Tex.1986), this point of error must be sustained. Punitive damages are not recoverable for breach of contract nor for a tort where there are no actual damages. *Texas National Bank v. Karnes*, 717 S.W.2d 901 (Tex.1986). Having concluded that Appellant did not commit a tort, but only a breach of an implied contractual obligation, there can be no recovery of exemplary damages. Point of Error No. Five is sustained.

■ It is asserted by Appellant in Point of Error No. Eleven that the trial court erred in allowing a trial amendment to seek recovery of damages for failure to return the title to the mobile home. The trial amendment was made after both sides had closed. If the issue had not been tried by consent, it was error to allow the trial amendment. But, to preserve error Appellee was required to file a motion for continuance. Rule 66, Tex.R.Civ.P.; *Pickens v. Baker*, 588 S.W.2d 406 (Tex.Civ.App.—Amarillo 1979, no writ). No motion for continuance having been filed, Point of Error No. Eleven is overruled.

We have considered Point of Error No. Seven which complains about insufficient evidence on the issue of malice and Point of Error No. Thirteen which complains that the exemplary damages are excessive, and both points are overruled. It is not neces-

sary that we consider the other points of error.

That part of the judgment awarding Noma Stephens damages in the amount of $2,500.00, plus interest and costs, is affirmed and in all other respects the judgment is reversed and judgment rendered for the Appellant.

## ON MOTION FOR REHEARING

In her motion for rehearing, the Appellee relies upon three cases in support of her argument that our original opinion is erroneous.

She cites the Court to the holding in *Castilleja v. Camero*, 414 S.W.2d 424 (Tex. 1967). Although the court in that case did recognize a strong public policy against conversion of property, that case clearly turned upon questions of contract law and is not applicable in this case involving a tort theory and conversion of money.

The Appellee also relies upon the decision in *Ward v. Shriro Corporation*, 579 S.W.2d 257 (Tex.Civ.App.—Dallas 1978, no writ), which involved a conversion of a check issued by an insurance company in payment of a water-damage claim under a builder's-risk insurance policy. In that case, the court concluded that a specific chattel, the insurance check, had been converted from its rightful owner. As noted in our original opinion, there has never been a contention made by the Appellee that there was a conversion of the draft issued by Acceptance Insurance Company. The *Ward* case is not controlling.

Finally, the Appellee asserts that we have misinterpreted the holding in *Suddarth v. Poor*, 546 S.W.2d 138 (Tex.Civ. App.—Tyler 1977, writ ref'd n.r.e.). Her motion asserts that we in our opinion dismissed *Suddarth* by saying that the issue of conversion was not raised, and that the court in that case did not pass on that issue. She misreads our opinion. What we said was that the issue as to "conversion of money" was not raised and the Court did not pass on that issue. We stand on the language in our original opinion as to the decision in the *Suddarth* case.

The motion for rehearing is overruled.

ARMENDARIZ, J., not sitting.