**Noma STEPHENS, Petitioner,**

v.

**NATIONAL MORTGAGE CORPORA-
TION OF AMERICA, Respondent.**

No. C–6226.

Supreme Court of Texas.

July 15, 1987.

Rehearing Denied Sept. 23, 1987.

David Gilles, Austin, for petitioner.

Jack C. Spillman and Roy L. Stacy, Cal-
houn, Gump Spillman & Stacy, Dallas, for
respondent.

ROBERTSON, Justice.

This case involves the propriety of a
summary judgment. In 1981, Noma Ste-
phens purchased a mobile home from a
dealer, and as part of the purchase price,
entered into an installment contract and
security agreement. The dealer subse-
quently assigned the mortgage to National
Mortgage Corporation, who remained the
holder until the dates in question. Ste-
phens and her sons lived in the mobile
home until November 17, 1982, when a fire
caused extensive damage to both the home
and to Stephens' personal possessions.
The home was rendered uninhabitable by
the destruction so Stephens lived with rela-
tives in the area, then eventually moved to
Oklahoma.

The insurance company which insured
the mobile home tendered a check for $27,-
273 to Stephens. Of that sum, $17,273 was
for the loss of the home, while $10,000 was
for the loss of personal effects. The check
was made out jointly to Stephens and Na-
tional so Stephens phoned National to de-
termine what should be done. Stephens
testified that Ms. Woodbury, an employee
of National, assured her that if she would
endorse the check and forward it, National
would reimburse her the $10,000 which re-
flected her personal property recovery.
National denied that any such statement
was ever made by their employee. When
Stephens sent the check she also enclosed a
letter which referred to National's alleged
agreement to return the proceeds relating
to the personal loss and described the hard-
ships the family was enduring.

National received the check and applied
$25,079.65 to the sum left owing on the
home, leaving a balance from the insurance
check of only $2,194.35 which National
mailed to Stephens. Stephens thereafter
brought suit for conversion for the pro-
ceeds of the insurance check representing
her personal property which National used
to pay off the mortgage. Finding no issue
of fact, the trial court rendered a partial

summary judgment against National for conversion and proceeded to a jury trial on several other issues. The jury found that National had acted willfully and maliciously in converting the $7,805.65 and awarded $125,000 in exemplary damages. The jury further found that National failed to transfer title to Stephens within a reasonable time which was a producing cause of the reduction of value of the mobile home in the amount of $2,500.

The court of appeals reversed and rendered judgment that no conversion existed. 723 S.W.2d 759. That court held that the funds involved herein were not specifically designated chattels which were subject to being converted. Having concluded that the exemplary damages were not excessive, the court nevertheless overturned the exemplary damage award because no independent tort was left to support such a finding. We reverse and remand.

As liability in this case rests on a summary judgment, we must resolve all doubts in favor of the nonmovant and view all evidence in the light most favorable to it. *Nixon v. Mr. Property Management,* 690 S.W.2d 546 (Tex.1985). Stephens' unsworn motion for summary judgment incorporated by reference all of the pleadings, depositions and affidavits before the trial court. In these materials Stephens alleged that National Mortgage had deprived her of the rightful possession of $10,000 by breaching oral agreements to return that sum. National Mortgage responded by presenting the sworn affidavit of its representative who spoke with Stephens. This representative swore "I never told Norma Stephens that National Mortgage would send her a check for $10,000 when it received the check from the insurance company." Here the summary judgment proof in the record clearly presents a genuine issue of material fact as to whether there was any agreement for the return of $10,000. Because we hold that the summary judgment in this case was improper, we need not dispose of the other issues reached by the court of appeals.

Therefore, we reverse the judgment of the court of appeals and remand the cause for trial on the merits.

## ON MOTION FOR REHEARING

GONZALEZ, Justice, dissenting.

For the reasons stated in the Court of Appeals opinion, I note my dissent. I would grant the motion for rehearing and affirm the judgment of the Court of Appeals.