## CAMPBELL 'et al. v. FRYE et al.

No. 19429. Opinion Filed Oct. 14, 1930.

J. P. Evers, for plaintiffs in error.
A. K. Swann, for defendants in error.

TEEHEE, C. On February 10, 1927, appellants, David E. Campbell and Hallie Y. Campbell, plaintiffs below, sued appellees, Clyde E. Frye and Ruth Frye, defendants below, to recover of them damages in the sum of $2,359, for their alleged breach of contract and warranty.

The litigation arose out of an exchange of properties between the parties. The transaction was evidenced by two contracts, and the warranty deeds of the respective parties one to the other. The first contract was entered into on December 8, 1925, whereunder plaintiffs agreed to transfer to defendants certain business and residence properties situated in the city of Tulsa, and defendants agreed to transfer to plaintiffs certain farm property situated near Mounds, in Okmulgee county. Plaintiffs were to have possession of the property thus acquired on January 1, 1926. Defendants were to have possession of a part of the property they acquired on December 14, 1925. All rents were to be adjusted to the date of transfer in respect to both properties. Title deeds were exchanged on December 17, 1925, whereunder the titles to the respective properties were warranted against liens except certain mortgage liens which the parties respectively assumed. At the exchange the second contract was entered into, under the terms of which plaintiffs agreed to protect the properties they gave in exchange against certain materialmen liens.

Plaintiffs, by appropriate pleadings, alleged breach of the contract and warranty of title in that defendants failed to place them in possession of the property they acquired on January 1, 1926, as by the contract provided, and prayed judgment against them for their damage in the sum stated.

Defendants admitted the execution of the instruments sued on, but interposed the defense of estoppel by conduct generally designated as waiver, and by cross-petition alleged breach of the second contract by plaintiffs in that they had failed to protect the properties they acquired against the materialmen liens mentioned. Plaintiffs denied all new matter contained in the answer.

The parties waived a jury. Judgment went for defendants on their plea of estoppel with denial of their demands on their cross-petition. Of the judgment plaintiffs complain.

Plaintiffs formulate no proposition on appeal, but refer to their assignments contained in their petition in error. Under the course of their argument the matter presented for

our consideration is the sufficiency of the evidence to sustain the judgment.

On the turning point in the case the evidence was conflicting. There is evidence in the record showing that upon delivery of possession by plaintiffs of the properties transferred to defendants, they went to Mounds with the view of entering into possession of the farm property they had acquired. The farm was occupied by a tenant, one Gus Chambers, who refused to give possession. Chambers claimed that he had a three-year lease contract with defendants which had not expired then by two years. Upon reporting this failure of possession to defendants, it was agreed between the parties that suit of eviction of Chambers should be instituted, which was proceeded with in the name of plaintiffs. Sometime later, the date not appearing, the suit was settled, apparently without the knowledge of plaintiffs. In the settlement Chambers remained in possession, and to cover rental of the farm for 1926, he made a note for $800 in the name of plaintiffs, which was secured by a chattel mortgage on the crops for that season and certain live stock owned by him. In the meantime plaintiffs had moved to Hot Springs, Ark.

In the latter part of May, 1926, David E. Campbell returned to Okmulgee county to look after his household goods which he had stored at Mounds, and went to Okmulgee and paid the taxes on the property, and while there employed an attorney to secure possession of the property. This attorney secured from the other attorney who had made the settlement of the eviction suit the note and mortgage and placed the mortgage on file.

On June 4, 1926, the attorney by letter informed plaintiffs of the settlement with Chambers and of the terms thereof. He advised plaintiffs that in his judgment that was a good settlement. The note matured on October 15, 1926. The attorney requested to be advised if plaintiffs desired that he look after the collection thereof upon maturity, or whether he should forward the papers to them.

On June 14, 1926, the plaintiffs acknowledged receipt of the attorney's letter. Their letter in substance was that plaintiffs did not regard the settlement as a substantial one, suggested an itemized list of live stock covered by the chattel mortgage, that they would have to await developments in respect to the obligation, that they desired the attorney to take the matter up further with

defendants as to their attitude toward a settlement of some kind, for that the property covered by the chattel mortgage would not cover their expenses and loss incurred in their failure of getting possession of the property, and wished to be further informed as to what defendants intended to do.

On December 23, 1926, the attorney wrote plaintiffs the following letter addressed to them at Pine Valley, Okla., to which place they had moved in July, 1926, to wit:

"Answering your favor of December 20th, I hand you herewith certified copy of the mortgage, original note and copy of the agreement executed between you and Clyde E. Frye."

At Pine Valley, plaintiffs became acquainted with one R. L. Pierce and wife, to whom they proposed, in December, 1926, to rent the farm property for the year 1927. On December 24th, Pierce made an inspection of the property and returned to Pine Valley on December 26th, whereupon plaintiffs agreed to rent the property to Pierce on a crop rental basis. Pierce was authorized by plaintiffs to make a settlement with Chambers for the possession of the farm for that year, which was accomplished in the surrender of the rental note for 1926 to Chambers by Pierce acting as agent for plaintiffs. Pierce moved on the property a few days after the first of the year, sharing the farm house with Chambers pending his removal. His wife becoming dissatisfied, Pierce, by agreement with Chambers, delivered possession of the farm to him and moved away. Following this development plaintiffs sued Chambers to recover rentals for the property.

The foregoing facts in evidence appear to be the salient points on which the court predicated its judgment.

As we understand their argument, plaintiffs take the position that they were not bound by the settlement of the eviction suit whereunder the note and mortgage were given by Chambers, for that such settlement was made without their knowledge or consent, and that therefore the evidence was insufficient to support the judgment which sustained defendants' plea of estoppel. In this they rely on section 678, C. O. S. 1921, which provides, to wit:

"Every attorney, who shall confess judgment in any case, shall, at the time of making such confession, produce the warrant of attorney for making the same to the court before which he makes the confession, and the original, or a copy of the warrant, shall

be filed with the clerk of the court in which the judgment shall be entered."

They also rely on Incorporated Town of Wainwright v. Eureka Fire Hose Mfg. Company, 92 Okla. 75, 218 Pac. 306, and several other cases, wherein the rule of the statute was applied.

On the other hand, defendants contend that even if it be assumed that the attorney was without authority to make the settlement, plaintiffs nevertheless are bound thereby for that they had acquiesced therein and thus relinquished their right of procedure under the contract sued on. They rely on the rule of ratification as expressed in 2 R. C. L. 998, sec. 78, and Cook v. Fisher, 85 Okla. 109, 204 Pac. 927, and Bush v. Missouri State Life Ins. Co., 98 Okla. 110, 224 Pac. 331, wherein the principle of the rule was applied.

Our decision of the question of the attorney's authority in relation to the eviction suit is not necessary to our disposal of the case on the record before us, as under the facts on which the court predicated its judgment we think the rule here controlling is that of waiver rather than that of acquiescence or ratification. The rule is stated in Bigelow on Estoppel (6th Ed.) 717, to wit:

"Where by the course of conduct of one party to a contract, entitled to the performance of certain terms or conditions thereof, the other party has been led to believe, as a man of average intelligence, that such performance will not be required, until it has become too late to perform, or until to insist upon performance would work material injustice, the person who has so conducted himself is barred from asserting the right he had."

In Scott v. Signal Oil Company, 35 Okla. 172, 128 Pac. 694, the rule was expressed in this language:

"A person may waive a right by conduct or acts which indicate an intention to relinquish it, or by such failure to insist upon it that the party is estopped to afterwards set it up against his adversary."

See, also, 40 Cyc. 265, and cases there cited.

In Stone v. Easter, 93 Okla. 68, 219 Pac. 653, in sustaining a plea of estoppel by conduct, it was held that the judgment would "not be disturbed on appeal because of a conflict in the testimony, where there is testimony in the case which reasonably sustains the judgment, the credibility of the witnesses being a matter for determination by the trial court in an equitable action."

Under this rule we must hold that the judgment of the court was not erroneous, for which reason the same should be, and is hereby, affirmed.

REID, HERR, LEACH, and EAGLETON, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 10 R. C. L. p. 691; R. C. L. Perm. Supp. p. 2726.