**LARSON et al. v. STERLING MUT. LIFE INS. CO. et al.**

No. 11228.

Court of Civil Appeals of Texas. Galveston.
June 12, 1941.

Rehearing Denied July 2, 1941.

See, also, 134 S.W.2d 717.

Harry D. Larson and Emanuel Roos, both of Eagle Lake, for appellants.

Miller & Rutta, of Columbus, for appellees.

MONTEITH, Chief Justice.

This suit was brought by appellants, Harry D. Larson, and his wife, Nellie Buffington Larson, against appellees, Sterling Mutual Life Insurance Company and Sterling National Life Insurance Company, to cancel and set aside two certificates of indebtedness issued to Nellie Buffington Larson by the Sterling Mutual Life Insurance Company, and to recover both actual and exemplary damages.

For convenience, appellees Sterling Mutual Life Insurance Company and Sterling National Life Insurance Company will be referred to in this opinion, respectively, as appellees Sterling Mutual and Sterling National.

Appellants alleged that, through fraudulent representations made by the agents of appellee Sterling Mutual Life Insurance Company, Nellie Buffington Larson had been induced to subscribe for twenty shares of stock in the appellee Sterling National Company, for which she had paid the sum of $400 out of community funds, without the knowledge or consent of her husband, and that appellees had failed and refused to deliver the stock so subscribed for but had delivered instead certificates of indebtedness which had no value. They sought judgment for the sum of $400, the amount paid to appellees by Mrs. Larson, with interest, as actual damages, and for the sum of "$550.00, as attorney's fees and costs of prosecuting this cause and/or as exemplary damages."

Appellees answered by general demurrer, exceptions and general and special denials. They alleged that Nellie Buffington Larson had contracted for certificates of indebtedness instead of certificates of stock and that said stock was to be delivered to her only upon compliance with the terms of said contracts; that they had complied with the terms of the contracts and had caused appellee Sterling National to be organized and that it was ready to issue certificates of stock therein upon the surrender of said certificates of indebtedness.

At the conclusion of appellants' evidence, the trial court instructed the jury to return a verdict in favor of appellees. Based thereon, judgment was rendered that appellants take nothing from either of appellees.

The record shows that appellant, Nellie Buffington Larson, purchased from appellee Sterling Mutual two certificates of indebtedness, dated respectively, July 19, 1930, and March 31, 1932, paying for each of said certificates the sum of $200 in cash. Each of said certificates recited that it was payable out of the profits earned out of the operations of appellee Sterling Mutual over and above a free surplus of $10,000. Under the terms of said certificates and under supplemental contracts with appellee Sterling Mutual, executed at the time of the purchase of said certificates of indebtedness, it was agreed that appellant, Nellie Buffington Larson, should have the privilege of exchanging each of said certificates of indebtedness for stock in appellee Sterling National, organized as a stock company for the purpose of taking over the insurance policies and business of appellee Sterling Mutual when the contributed surplus of appellee Sterling Mutual, raised by the sale of certificates of indebtedness to its stockholders similar to those purchased by appellant, Nellie Buffington Larson, had reached the amount of $200,000, and the policyholders of appellee Sterling Mutual had approved of said plan.

Appellant, Nellie Buffington Larson, retained said two certificates of indebtedness until 1935. She received interest on the certificate issued to her on July 19, 1930, for the years 1931, 1932, 1933, and 1934, and on the certificate issued to her on March 31, 1932, for the years 1933 and 1934. Later, appellee Sterling National was organized as a stock company and on February 25, 1939, it took over all of the assets of appellee Sterling Mutual and assumed all of its liabilities.

Appellant, Harry D. Larson, testified that he first learned of the purchase of said certificate of indebtedness by his wife in 1935 and that he immediately repudiated both of said contracts.

■ The controlling question presented in the appeal is whether there is any evidence in the record which, when considered by itself, would, if accepted by the jury as true, have raised an issue of fact which would have supported a judgment in favor of appellants.

■ It is the established law of this state that where the equitable relief of cancellation or rescission is sought, on account of fraud, a court of equity will not grant such relief unless the complaining party has suffered some pecuniary damage as a result of the fraud.

The precise question presented in this appeal was decided contrary to appellants' contentions by the Commission of Appeals in the case of Lane v. Cunningham, 58 S.W.2d 35, 36, in which the court, in passing on a similar state of facts in its opinion said: "There was testimony introduced to show that Lane made the above representations and that same were false, but there was neither pleading nor proof to show that there was any difference in value between the * * * properties. * * * The established rule is that where the equitable relief of cancellation or rescission is sought, on account of fraud, a court of equity will not grant such relief unless the complaining party has suffered pecuniary damage as a result of the fraud. Such damage is not regarded in equity as having arisen unless the rights or things parted with, by the complaining party, are of greater value than those which he received; or unless he was induced by the fraud 'to incur legal liabilities or obligations different from that represented or contracted for.'" Russell v. Industrial Transportation Co., 113 Tex. 441, 251 S.W. 1034, 258 S.W. 462, 51 A.L.R. 1; Bryant v. Vaughn, Tex.Sup., 33 S.W.2d 729. The above rule should not be confounded with the measure of damages in suits at law for the recovery of damages for fraud as provided in Article 4004 of the Statutes. See Sibley v. Southland Ins. Co., Tex.Sup., 36 S.W.2d 145. "The Cunninghams, as already indicated, do not seek damages on account of the alleged false representations of Lane, but seek relief in equity by way of cancellation or rescission. They have failed to present, by either pleading or proof, a case calling for such relief."

■ In the instant case, appellants have not alleged the value of the two certificates of indebtedness on which this appeal is based, nor did they introduce proof of any character of the value of said certificates. Outside of certain documentary evidence, appellants Harry D. Larson and Nellie Buffington Larson were the only witnesses introduced. Neither attempted to qualify as experts as to the value of said certificates of indebtedness.

Said certificates show on their face that they are payable out of the profits earned by the operation of appellee Sterling Mutual, over and above a surplus of $10,000, and that the holders thereof have the right to exchange them for stock in appellee Sterling National when the contributed surplus of appellee Sterling Mutual had reached the amount of $200,000, and the plan for conversion had been approved by the stockholders. Appellee Sterling National was later organized as a stock company and has assumed the obligations and insurance policies of appellee Sterling Mutual. Certified copies of proceedings and resolutions of the two corporations introduced show that the organization of said Sterling National was carried out in compliance with the supplemental contract entered into between Nellie Buffington Larson and appellee Sterling Mutual. No evidence was introduced by appellants to show that the surplus of the Sterling Mutual was not sufficient to discharge the certificate of indebtedness issued to Nellie Buffington Larson on which this action is based, nor was evidence introduced to show the market value or intrinsic value of said certificates, or that they had no value.

Appellants having failed to allege or prove the value of said certificates of indebtedness or that they have suffered any pecuniary loss by reason of the purchase thereof, or that appellees have failed or refused to comply with the terms of their contract with Mrs. Larson, the court did not err in instructing the jury to return a verdict in favor of appellees and in rendering judgment thereon.

Appellants' contention that the two contracts for the purchase by Nellie Buffington Larson of the certificates of indebtedness in question were void, because the payments therefor were made out of community funds without the authority or consent of her husband, cannot be sustained.

■ Our courts have uniformly held that a wife may acquire property by purchase either for cash or on credit, and that as an incident thereto she may enter into a contract for purchase of either personal or real property. 23 Tex.Jur. 217.

■ A wife may acquire stock in private corporations by purchase, gift, descent or devise. In fact, our statutes expressly declare that married women may subscribe to charters of corporations, and that they may become stockholders, officers, and directors therein. 23 Tex.Jur. page 88, Section 65.

■ The record shows that appellee Sterling Mutual had no knowledge of appellants' claim that said funds were com-

180

munity property until appellant Harry D. Larson's repudiation of said certificates of indebtedness in July, 1935. The two contracts were had and the money paid in the usual manner. When paid it became the property of the Sterling Mutual. Story v. Palmer, Tex.Civ.App., 284 S.W. 331.

 Appellants' claim that they were entitled to recover expenses incurred and reasonable attorney's fees for services rendered in this action cannot be sustained.

Appellants alleged that they had "been forced and compelled to spend $150.00 for attorney's fees, together with having to spend a large number of hours of plaintiff's own time in prosecuting this cause, which is reasonably worth $400.00; wherefore, plaintiff is entitled to recover the sum of $550.00 as attorney's fees and costs of prosecuting this cause, and/or exemplary damages."

No allegation is made that the making of the alleged representations and promises were previously authorized by appellee, Sterling Mutual, which is a corporation, or that they were subsequently ratified or approved by it with knowledge of the facts.

It is the established rule in this state that in order to render the principal liable in exemplary damages for fraud on the part of his agent, either the act must have been previously authorized by the principal, or subsequently ratified or approved, with full knowledge of the facts. 2 Tex.Jur. page 554, Sec. 151; Bankers' Mortgage Co. v. Baxter et al., Tex.Civ.App., 66 S.W.2d 408; Union Deposit Co. v. Moseley, Tex. Civ.App., 75 S.W.2d 190.

 Further, it has been uniformly held that there can be no recovery of exemplary damages on an alleged cause of action in the absence of recovery of actual damages therein (Piper v. Duncan, Tex. Civ.App., 131 S.W.2d 397), and that attorney's fees, which are not ordinarily recoverable in cases of tort growing out of a breach of contract, may be recovered as exemplary damages or penalties only where the wrong consists of a malicious act or the perpetration of a willful fraud. Alexander v. Walker, Tex.Civ.App., 239 S.W. 309.

 In the instant case, no proof was introduced by appellants of the value of the two certificates of indebtedness in question, and there is no proof in the record that

they have suffered pecuniary damages as a result thereof. Further, there is no proof of any malicious or willful act on the part of appellees which would justify the recovery by appellants of attorney's fees as exemplary damages.

It follows from these conclusions that the judgment of the trial court must be, in all things, affirmed.

Affirmed.