245 P.2d 1038

## HOOVER v. CITY OF ALBUQUERQUE.
### No. 5421.

Supreme Court of New Mexico.
June 28, 1952.

F. L. Nohl, Albuquerque, for appellant.

Vance Mauney, Albuquerque, for appellee.

SADLER, Justice.

The plaintiff sued in the district court of Bernalillo County to recover judgment against the City of Albuquerque, the defendant, on certain paving bonds. Judgment was entered against the City for $8,658.13. The defendant filed a motion four days later to set aside the judgment which the trial court granted. This appeal by

plaintiff followed. A statement of what transpired in orderly sequence is necessary to understand the grounds upon which the plaintiff relies as appellant to secure a reversal.

The complaint was filed on May 10, 1950. The City being in default the plaintiff served Waldo H. Rogers, Esq., the City's attorney, with a motion for default on October 12 by depositing a copy of the motion in the United States mails. The motion was filed next day as was a motion to dismiss filed by the City which was based upon the ground that the complaint failed to state facts upon which relief could be granted.

Thereafter, on December 19, 1950, the motion to dismiss was overruled by the court by an order which gave the City ten days in which to answer, or otherwise plead. The City having failed to plead, the plaintiff on January 5, 1951, again moved for a default judgment against it. While the matter stood thus, Vance Mauney, Esq., an attorney associated with above-mentioned Waldo H. Rogers, city attorney, in a conversation with plaintiff's attorney requested the latter not to proceed further until the City could prepare an answer and investigate the matter. In the meantime and on January 8, 1951, Waldo H. Rogers, defendant's attorney, was appointed and qualified as one of the judges of the Second Judicial District of the State of New Mexico. Thereafter, on January 26, 1951, Vance

Mauney, Esq., who had become substituted as attorney for the City due to the former attorney becoming district judge, filed an answer for the City. The defendant denied generally all of the plaintiff's allegations except that certain bonds described in the complaint had been issued by the City and that plaintiff was their holder and owner.

A copy of the answer filed had been mailed to plaintiff's attorney with a letter of January 17, 1951, by city attorney, Mauney, in which among other things he referred to a conversation with City Manager Wells who had agreed with him that there was no valid defense to the action and expressing his, Mauney's, willingness to go with plaintiff's attorney to see Judge Swope regarding the matter at any convenient time. The letter closed with this statement:

"Please advise me if you have any objections to the filing of this Answer and if not I am sure arrangements can be made for a judgment to be entered favorable to you."

It was pursuant to this statement that judgment was entered against the City on January 27, 1951, which, within four days thereafter on January 31, 1951, the City moved to vacate and set aside. The motion mentioned reads as follows:

"Motion To Set Aside Judgment

"Comes now the Defendant, City of Albuquerque by its attorney and moves the Court to set aside that certain judg-

ment signed and entered on the 27th day of January 1951 in the above entitled and numbered cause, on the ground that due to the change in the office of the city attorney the Acting City Attorney was not apprised of all the facts and circumstances surrounding this action and was mistaken as to certain facts in connection with this cause and as a result thereof, inadvertently approved the Judgment which was entered herein.

"As grounds for the above Motion, Defendant shows the Court the following:

"1. That there is now pending an appeal in the Supreme Court of New Mexico of a case involving bonds similar to those involved in this case which bonds were issued by the City of Tucumcari, New Mexico and which appeal will be important to the determination of questions involved in this cause.

"2. That the former City Attorney of the City of Albuquerque had not completed his fact investigation in this cause and had planned to take the deposition of Plaintiff in order to determine certains facts which will be determinative of the judgment to be entered in the cause.

"3. That although a summary investigation of the facts of this case was made by the Acting City Attorney of Albuquerque, still certain facts which were not brought to the attention of the Acting City Attorney until after the above mentioned judgment was entered have now been brought to light and are important to a just and final determination of the cause.

"Wherefore, Defendant prays that under the provisions of Rule 60(b), Rules of the District Courts of the State of New Mexico, that the aforementioned Judgment be set aside with leave to Defendant to further prepare its case for the trial thereof."

The Court entered its order granting the motion on February 21, 1951, and it is from that order that plaintiff prosecutes this appeal.

It should be mentioned that in connection with the proceedings below certain affidavits were filed. One of them by F. L. Nohl, the plaintiff's attorney, was filed the same day judgment was signed, namely, January 27, 1951, and apparently prior thereto. It contained certain factual recitations relative to payment of bonds out of numerical order and diversion of funds from the paving district involved. Still another affidavit by the same attorney was filed following judgment, to-wit, on February 5, 1951, giv-

ing a chronological recital of negotiations between him and the city's attorneys touching the matter. And on the same day, February 5, 1951, the affidavit of the Honorable Waldo H. Rogers, now district judge, was filed. Both of these affidavits were intended for use in a hearing on motion by defendant to set aside the judgment previously entered against the city.

In his affidavit Judge Rogers explained that owing to the pressure of business incident to winding up his affairs preliminary to ascending the bench there was insufficient time in which to further plead in the cause; that this case was one of several as to which he had had no opportunity to confer with Acting City Attorney, Mauney, and further setting forth steps he had intended taking in the case in order properly to present the City's position; and still further:

"that the Answer filed herein by the Acting City Attorney is proper but does not contemplate matters and factual defenses which facts will be brought out by the deposition of Plaintiff, which defenses were known only to me and which were not brought to the attention of the Acting City Attorney because of the conditions under which said Acting City Attorney took over the defense of this cause."

It also appears from the testimony of Acting City Attorney, Mauney, that after agreeing to the entry of judgment against the city, in a talk just had with the former city attorney, he had discovered his mistake as to certain facts which established that the judgment should never have been signed; that this fact was brought to the attention of plaintiff's attorney after the judgment was signed but before it was filed with a request that he withhold filing same. He insisted, however, the judgment should be filed since it was signed. The Acting City Attorney then informed him he would move forthwith to set it aside because of matters coming to his attention since giving his approval to the taking of judgment by plaintiff.

We first must dispose of a motion by defendant (appellee) to dismiss the appeal upon the ground that the order vacating the judgment is interlocutory and cannot be made the subject of an appeal. It is to be remembered that the judgment entered which the trial court set aside was a final judgment. The order vacating it thus became the subject of what is known as a short appeal taken within 20 days after its entry pursuant to the provisions of section 2 of rule 5, Rules of Supreme Court, 1941 Comp. § 19–201, reading so far as material, as follows:

"Appeals shall also be allowed by the district court, and entertained by the Supreme Court, from all final orders affecting a substantial right made after the entry of final judgment."

See Jordan v. Jordan, 29 N.M. 95, 218 P. 1035; Singleton v. Sanabrea, 35 N.M. 205, 292 P. 6; Kerr v. Southwest Fluorite Co., 35 N.M. 232, 294 P. 324; Gutierrez v. Brady, 45 N.M. 209, 113 P.2d 585.

Coming now to the merits of the appeal, we think the action of the district court in setting aside the final judgment entered under the circumstances shown must be affirmed. The ground upon which the motion to set aside was actually based is 1941 Comp. § 19–101, Rules of Civil Procedure, rule 60(b), vesting jurisdiction in the district court to set aside judgments and decrees for mistakes, inadvertence, excusable neglect, surprise and for other named reasons. The plaintiff seeks to place this judgment in the category of a "consent" judgment which it argues the district court was powerless to disturb.

We need not enter a discussion whether the trial court correctly vacated the judgment under District Court Rule 60(b) although we think it had the discretion under that rule to do so as to a judgment entered under the circumstances this one was. But whether it did or not, it certainly had such power under 1941 Comp. § 19–901 giving district courts jurisdiction over judgments and decrees for 30 days after entry thereof. In Fairchild v. United States Service Corporation, 52 N.M. 289, 197 P.2d 875, 881, we said concerning this section the following:

"The district court, with no exception, is given control by rule of court over its orders, judgments, and decrees for thirty days after entry."

It follows from what has been said that the order of the district court must be affirmed.

It is so ordered.

LUJAN, C. J., and McGHEE, COMPTON, and COORS, JJ., concur.