381 P.2d 423

**W. S. STARNES, Plaintiff-Appellant,**

**v.**

**Ruby E. STARNES and Yavonne Starnes, Defendants-Appellees.**

No. 7123.

Supreme Court of New Mexico.

April 22, 1963.

Rehearing Denied May 27, 1963.

Harry O. Morris, Albuquerque, for appellant.

R. F. Deacon Arledge, Albuquerque, for appellees.

MOISE, Justice.

After default judgment had been entered in this cause on August 10, 1961, the defendants moved on September 19, 1961, that the judgment be vacated so as to permit the defendants to answer. On October 17, 1961, the date set for hearing on the motion to vacate, the trial judge refused to hear the witnesses which plaintiff had present to testify, and indicated that he would grant the motion and vacate the judgment.

Plaintiff, on October 18, 1961, obtained from this court an alternative writ prohibiting the judge from proceeding further with the case and ordering him to show cause on November 6, 1961, why the order should not be made permanent. After hearing on that date, the writ was made permanent. State ex rel. Starnes v. Second Judicial District Court, 69 N.M. 291, 365 P.2d 931. The original order stated that this was done because it appeared that the trial court "proposed to vacate and set aside said judgment of August 10, 1961, without good cause shown. * * *"

Thereafter, counsel for defendants gave notice of a hearing on the motion to vacate the judgment to be held on November 13, 1961, at which time all parties would be given an opportunity to present evidence and arguments. A hearing was held on November 27, 1961, at which counsel for plaintiff was present but refused to participate. It was the position of plaintiff that the writ having been made permanent, the court was without jurisdiction to consider the motion to vacate the judgment.

Defendants took the position, and the court agreed, that the only action prohibited by the permanent writ was the setting aside of the judgment without record showing of good cause. Thereupon, witnesses were produced by the defendants. They were sworn and testified. After hearing defendants' witnesses, the court announced that the default judgment would be set aside. Accordingly, on November 28, 1961, an order was entered reciting the proceedings, finding "that the default judgment heretofore entered in this cause should be set

aside," ordering the judgment "set aside and held for naught," and stating that the transcript of judgment filed with the county clerk was "retracted and held for naught."

■ Plaintiff has perfected this appeal from the order of November 28, 1961. Defendants have moved in this court to dismiss the appeal on the ground that the order appealed from is not a "final judgment in any civil action" and accordingly not appealable under Supreme Court Rule 5(1) (§ 21–2–1(5) (1), N.M.S.A.1953). This motion was denied by this court with leave to renew it when the case was submitted on its merits. The motion is now before us for disposition.

Supreme Court Rule 5(1) (§ 21–2–1(5) (1), N.M.S.A.1953) provides that "Within thirty [30] days from the entry of any final judgment in any civil action any party aggrieved may appeal therefrom to the Supreme Court * * *." Supreme Court Rule 5(2) (§ 21–2–1(5) (2), N.M.S.A.1953) is relied on by plaintiff and provides that "* * * Appeals shall also be * * * entertained by the Supreme Court, from all final orders affecting a substantial right made after the entry of final judgment."

The exact question here presented was considered by this court in Singleton v. Sanabrea, 35 N.M. 205, 292 P. 6, and decided contrary to the position of defendants. The controlling portion of the rule has remained unchanged since the date of that decision, and this Court has consistently considered appeals from orders entered vacating judgments previously entered so as to permit new pleadings or trials. These cases are reviewed and discussed in Scott v. J. C. Penney Co., 67 N.M. 219, 354 P.2d 147. No convincing reason for departing from our holdings in those cases has been advanced, and accordingly we adhere to them, and the motion to dismiss is overruled.

■ The merits of the controversy can likewise be disposed of without too much discussion. Whereas the language of our alternative writ and the order making the same permanent may leave something to be desired so far as clarity and certainty are concerned, there is no question in our minds, and there should have been none in the mind of plaintiff's counsel, that the writ was issued to prevent damage to plaintiff through the court acting in excess of its jurisdiction in vacating a default judgment without a showing of compliance with § 21–1–1(55) (c), N.M.S.A.1953 or § 21–1–1 (60) (b), N.M.S.A.1953. By his petition for a writ, it is clear that plaintiff was complaining that the trial court had refused to consider the proof which plaintiff tendered to establish that the default judgment should not be vacated. Now, because of the broad and general terms of the writ, plaintiff would abandon his original position and upon the trial court granting a full hearing, would have us hold that the trial

 

court could under no circumstances consider the motion to vacate and grant relief to defendants. Certainly, there could have been no intention by this court to suspend the operation of § 21–1–1(55) (c), N.M.S.A. 1953, nor of § 21–1–1(60) (b), N.M.S.A. 1953. Plaintiff had no right to ask us to do so, and he did not so represent his position. He should not now be heard to complain when the court is proceeding to do the things previously urged by plaintiff. Plaintiff's complaint on the appeal is without merit.

Plaintiff reserved a point on this appeal to the effect that the order vacating judgment was entered without "good cause shown." However, he does not point out in his argument why this is true. The court heard evidence that the defendants were not served with process, being absent from their usual place of abode, and that they had no knowledge of the suit until long after judgment was entered. Plaintiff asserts that defendants' testimony should not be believed. No findings were made by the court except the general one that the judgment should be set aside. Under the circumstances, we cannot say that there has been an abuse of discretion. We do not propose to become the triers of the facts.

It appears to us that plaintiff got what he wanted—a hearing on the question of whether the judgment should be vacated, and then refused to participate or accept the outcome. He is not in a position to complain here.

For the reasons stated, the order appealed from is affirmed and the cause is remanded with instructions to proceed with cause to its final disposition.

It is so ordered.

CHAVEZ and NOBLE, JJ., concur.