Charles Edward DAVIS, Petitioner, Appellee,

v.

Peter J. PITCHESS, Sheriff of Los Angeles County, Respondent, Appellant.

No. 74–1809.

United States Court of Appeals, Ninth Circuit.

Dec. 9, 1974.

142

Shunji Asari, Deputy Atty. Gen. (argued), Los Angeles, Cal., for respondent, appellant.

Richard Wasserstrom (argued), Santa Monica, Cal., for petitioner, appellee.

## OPINION

Before CHAMBERS and ELY, Circuit Judges, and BALDWIN * Customs and Patent Judge.

PER CURIAM:

The District Court originally granted a conditional writ of habeas corpus, having found that Davis had been deprived of a fair trial by the failure of the prosecution to disclose a laboratory report containing potentially exculpatory evidence. After this Court affirmed that decision in an unreported opinion, the State commenced preparation for a retrial. It was then discovered that certain physical evidence which was the subject of the laboratory report and which all had assumed was still in existence had been destroyed during the course of a routine disposal of old evidence. The State nonetheless proceeded to press the prosecution, and the State trial court denied Davis either a dismissal of the charges or a stay of proceedings while he proceeded in the State appellate courts.

Davis then moved the District Court to modify the conditional writ and make it absolute, contending that the destruction of the physical evidence made it impossible for him to conduct certain sophisticated scientific tests which potentially could have established that he was not the perpetrator of the crime with which he was charged. The District Court first stayed the State trial until the California Court of Appeals and ultimately the California Supreme Court acted upon Davis' applications for a writ of prohibition. Following the denial of the applications by those courts, the District Court found that the destruction of the physical evidence made it impossible for Davis to receive a fair trial. It therefore modified the writ and made it absolute. D.C., 388 F.Supp. 105.

 The District Court had jurisdiction to set aside its original judgment. The motion to modify can be considered under the circumstance a motion under F.R.Civ.P. 60(b)(6). It is clear that if the full circumstances had been presented to the District Court in the first instance, the original writ would have been absolute. It was not necessary for the District Court to seek leave of this Court to entertain the motion simply because of the affirmance on appeal, for the motion raised a matter not within the scope of the mandate of this Court. See 7 Moore, Federal Practice 426.

 Davis' effort to secure a writ of prohibition from the State appellate courts was, under these unusual circumstances, sufficient to meet any exhaustion requirement. The federal claim was squarely presented in those applications. See Picard v. Connor, 404 U.S. 270, 275,

* Honorable Phillip B. Baldwin, Associate Judge, United States Court of Customs and Patent Appeals, sitting by designation.

92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *and see* Harris v. Superior Court, 500 F.2d 1124 (9th Cir. 1974).

Affirmed.

CHAMBERS, Circuit Judge (concurring):

While I concur in the foregoing opinion, I do believe it would have been better practice to have let the State's second trial go through to a conclusion before ordering the writ to issue.