608 P.2d 157

**JEMEZ PROPERTIES, INC., Robert K. Walsh and Rosemary Walsh, Plaintiffs-Appellees,**

v.

**Tony LUCERO and Josephine Lucero, his wife, Defendants-Appellants.**

**Frederic W. AIRY and Helen L. AIRY, his wife, Plaintiffs,**

v.

**Antonio LUCERO and Josephine Lucero, his wife, Defendants.**

**No. 3515.**

Court of Appeals of New Mexico.

Dec. 27, 1979.

Writ of Certiorari Denied
Jan. 23, 1980.

Peter Gallagher, Pedro G. Rael, Gallagher & Walker, Albuquerque, for defendants-appellants.

Richard E. Norton, Albuquerque, for plaintiffs-appellees.

Lewis O. Campbell, Albuquerque, for plaintiffs Airy.

## OPINION

ANDREWS, Judge.

Three questions are presented by this appeal: (1) whether the forgery of a deed and the falsification of public records concerning a parcel of land are "exceptional circumstances" which justify the reopening of the judgment in a quiet title action under Rule 60(b)(6), N.M.R.Civ.P., N.M.S.A.1978; (2) whether a showing that the deed under which the defendant in an ejectment action claims title to the subject property is forged is, by itself, sufficient to support the summary granting of the ejectment; and (3) whether attorneys' fees may be granted against one who has forged a deed so as to require the other party to incur such fees in an action for ejectment where no slander of title was specifically pled.

The initial action was brought in Sandoval County District Court by Jemez Properties, Inc., through Robert K. and Rosemary Walsh, its proprietors, to quiet title to and eject Tony and Josephine Lucero from the subject property. This case, Cause No. 6260, was settled and on August 25, 1975, an order was entered dismissing the complaint and quieting title in the Luceros. In a companion case, Cause No. 6501, Frederic W. and Helen Airy brought suit against the Luceros seeking an easement across the same tract of land. This case was tried before the court and relief was denied.

On September 21, 1976, the Airys moved for a new trial, introducing affidavits showing that the deeds under which the Luceros claimed title had been forged by the alteration of the description of the eastern boundary of the Lucero property. According to the affidavits, Tony Lucero had purchased sixteen acres from Minnie V. Ralston in 1951, which was described as being "bounded on the east by the Jemez river", but at the time of the trial in Causes No. 6260 and 6501, the Sandoval County Clerk's records had been altered to show that both the deed to the Luceros and the deed to Ralston from her father, Mike Thurlo, had an eastern boundary described as "the public road at Canyon." The Airys submitted affidavits from Ralston, Thurlo, and a title company demonstrating the forgery. The court granted the Airys a new trial, with leave to amend the complaint alleging the fraud of the Luceros.

The Walshes immediately moved to set aside the final order in Cause No. 6260 under Rule 60(b), claiming the existence of extraordinary circumstances resulting from the alleged fraud and forgery of the deed. The Luceros did not deny the forgery, but instead tried to establish the judgment in the earlier quiet title suit as a bar. The Walshes moved for summary judgment based upon the deposition of Robert Walsh, the Luceros, and the affidavits. The court ruled that the Walshes had superior title to the land and awarded them $3,000.00 in damages. The Luceros appeal from that judgment and the order vacating the original 1975 judgment.

■ Initially, however, we note that the appellees seek dismissal of this appeal as untimely, arguing that the order granting

the Rule 60(b) motion was an appealable final order. Relying on *Hoover v. City of Albuquerque*, 56 N.M. 525, 245 P.2d 1038 (1952), appellees assert that the order setting aside the earlier judgment was itself a final judgment; and hence, that an appeal from that decision must be taken, if at all, within thirty days of the entry of the order pursuant to Rule 3(a)(3), N.M.R.Civ.App., N.M.S.A.1978. This point is not well taken.

In *Albuquerque Prod. Credit Ass'n v. Martinez*, 91 N.M. 317, 573 P.2d 672 (1978), it was held that an order setting aside an earlier judgment under Rule 60(b) was interlocutory and nonappealable; thus, overruling *Hoover* by implication. Since this decision was not immediately appealable, it may be reviewed in this appeal, which is properly taken from the judgment entered in the reopened case.

■ In their first point, the Luceros seek reversal of the trial court and reinstatement of its August 25, 1975, order because the Rule 60(b) motion to vacate the judgment was untimely filed more than one year after the order was entered. Rule 60(b)(3) allows relief from a final judgment for "fraud" or "misrepresentation", and Rule 60(b)(6) for "any other reason justifying relief from the operation of the judgment." The rule further provides that for reasons of (3) fraud or misrepresentation, "the motion shall be made * * * not more than one [1] year after the judgment [or] order * * * was entered or taken." *Parks v. Parks*, 91 N.M. 369, 574 P.2d 588 (1978). In the instant case, more than a year elapsed between the entry of the challenged order and the Rule 60(b) motion; and thus, Rule 60(b)(6) is the only provision under which the judgment may be set aside.[1]

■ Rule 60(b)(6) provides a reservoir of equitable power to do justice in a given case, but it is limited to instances where there is a showing of exceptional circumstances. *Perez v. Perez*, 75 N.M. 656, 409 P.2d 804 (1966); *Battersby v. Bell Aircraft Corporation*, 65 N.M. 114, 332 P.2d 1028 (1958).

■ This is certainly a case where we cannot say that "exceptional circumstances" were not present, or that the trial court did not act properly and within its sound discretion in allowing the modification of the final judgment. *Perez v. Perez, supra.* While the Luceros were guilty of ordinary fraud insomuch as they misrepresented their interest in the subject properties to the Walshes and the Airys, their actions went beyond the common fraud contemplated by Rule 60(b)(3); the Luceros tampered with the physical evidence of the case in forgoing the deed which was presented to the court and they tampered with public records in the county clerk's office in such a way as to make their other misdeeds undetectable by the method upon which the court would commonly rely. *See Davis v. Pitchess*, 518 F.2d 141 (9th Cir. 1974); *Phillips v. Crown Central Petroleum Corp.*, 556 F.2d 702 (4th Cir. 1977); *Bros, Inc. v. W. E. Grace, Mfg. Co.*, 320 F.2d 594 (5th Cir. 1963); *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368 (6th Cir. 1976).

We are aware of *Parks v. Parks, supra*, which held that Rule 60(b)(6) may not be used to circumvent the time limit set out for the reopening of judgments under Rule 60(b)(1), (2) and (3), so that Rule 60(b)(6) may be used to reopen judgments only for reasons other than those set out in (b)(1), (2) and (3) and only upon showing of exceptional circumstances. We think those exceptional circumstances exist here. The trial court did not abuse its discretion in granting the motion under Rule 60(b), *supra*.

---

1. Rule 60(b) expressly reserves to the court the common law power to set aside judgments in an independent equitable action. The Walshes contend that such an action would lie on the theory of "fraud upon the court." However, fraud upon the court embraces only that species of fraud which attempts, successfully or unsuccessfully, to *defile* the court itself or which fraud is perpetrated by officers of the court so that the judicial system cannot perform in a usual manner: for example, bribery of judges, employment of counsel to "influence" the court, bribery of the jury, or the involvement of an attorney in the perpetration of the fraud. *See Lockwood v. Bowles*, 46 F.R.D. 625 (1969); 7 Moore's Federal Practice ¶ 60.33 at 512–13. The facts of this case do not establish fraud upon the court.

Next, the Luceros argue that the court erred in granting summary judgment in ejectment since the plaintiffs did not meet their burden of establishing that they, rather than the defendants, are entitled to possession of the property. Section 42–4–7, N.M.S.A.1978. *Under Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972), summary judgment must be denied if there exists a reasonable doubt as to whether there is a genuine issue of material fact yet to be determined. Defendants contend that there is substantial evidence in the record to the effect that they are the true owners of the property and we agree.

In applying the *Goodman v. Brock, supra*, test to the present situation, we are guided by the recent decision of the New Mexico Supreme Court in *Fischer v. Mascarenas*, 93 N.M. 199, 598 P.2d 1159 (1979), which dealt with a very similar fact pattern. In that case, Fischer sued Mascarenas to enjoin the latter from interfering with real property claimed by Fischer. Mascarenas claimed to own the property; but Fischer, in support of his motion for summary judgment, presented uncontradicted evidence to show that the deeds upon which Mascarenas based his claim to the property were insufficient either because they described the wrong property or were clearly inferior to Fischer's deed. The Supreme Court refused to uphold the summary judgment granted below:

> The evidence of Fischer, at its best, proves only that he has legal title. It does not rule out an inference that equitable title is in Mascarenas, and does not preclude an inference of mistaken description in the deed to persons in the Mascarenas chain of title from the common predecessor in title of the parties. *Id.* at 1161.

In this case, as in *Fischer*, plaintiffs have shown that the deed upon which defendants' title is asserted is fatally defective, but this alone will not support a summary determination of the cause where there are indications external to the deed which might support defendants' position.

In their offer of proof for the summary judgment, Mr. Walsh, one of the plaintiffs, said there were exceptions within the grant and they were determined by asking persons living in the area about the exceptions and through deeds showing the survey description and exceptions. Mr. Walsh also spoke to Jesus Jaramillo, a local person with some knowledge of the area, regarding the grant lands. However, Mr. Lucero, one of the defendants, said that Jesus Jaramillo and others indicated that the eastern boundary of the disputed land was to the road and did not stop at the river. Mr. Lucero states that the deed from Mr. Ralston actually should have shown the eastern boundary to be the road and that "everybody knows the boundary is up the road." Mr. Walsh stated: "I know we didn't know where boundaries were."

Summary judgment, being an extreme remedy to be employed with great caution, cannot be substituted for a trial on the merits as long as one issue of material fact is still present in the case. The remedy should not be employed where there is the slightest doubt as to the existence of an issue of material fact. Even where the basic facts are undisputed, if equally logical but conflicting inferences can be drawn from the facts, summary judgment should be denied. *Fischer v. Mascarenas, supra.*

Whether plaintiffs in fact own the land is in dispute for two reasons: first, there is no showing as a matter of law that the land is outside of an exception to the grant; and second, there is the conflicting testimony as to whether the east boundary is to the "road" or to the "river". Although many of the facts are not disputed, equally logical but conflicting inferences can be drawn, making summary judgment impermissible. *Fischer v. Mascarenas, supra; Pharmaseal Laboratories, Inc. v. Goffe*, 90 N.M. 753, 568 P.2d 589 (1977). Plaintiffs failed to carry their burden on their motion for summary judgment.

The court awarded attorneys fees in the judgment. Defendants assert that because no statute or rule of court exists permitting recovery of attorneys fees in an ejectment

action, no fees are recoverable. *See Aboud v. Adams,* 84 N.M. 683, 507 P.2d 430 (1973). However, plaintiffs compare their predicament to that of a party aggrieved in a slander of title cause where the award of expenses of litigation is also established as a legitimate element of damages.[2] *See Annot.* 39 A.L.R.2d 840 (1955); *Olsen v. Kidman,* 120 Utah 443, 235 P.2d 510 (1951).

■ One who maliciously publishes false matter which brings in question or disparages the title to property, thereby causing special damages to the owner, may be held liable in a civil action for damages for slander of title. *See Garver v. Public Service Company of New Mexico,* 77 N.M. 262, 421 P.2d 788 (1966). However, an action for slander of title is not predicated merely upon the words spoken or written, but the gist of the action is recovery of special damages for the loss sustained by reason of the speaking and publication of slander concerning the plaintiffs' title to property. 50 Am.Jur.2d, Libel and Slander, § 552. *Garver v. Public Service Company of New Mexico, supra; Branch v. Mays,* 89 N.M. 536, 554 P.2d 1297 (1976). Special damages must be pleaded as well as proved in a suit for slander of title. *Garver v. Public Service Company of New Mexico, supra.* Here, the amended complaint failed to claim slander of title and, more important, the allegations of damages in the amended complaint failed to meet the requirement that special damages must be specifically stated. *Garver v. Public Service Company of New Mexico, supra.* Where the action is not brought for slander of title, plaintiffs cannot rely on remedies peculiar to that action, whether it be in the matter of damages or attorneys fees. In New Mexico, absent statutory authority or rule of court, attorneys fees are not recoverable as an item of damages. *Aboud v. Adams, supra.* This case does not present an exception to this rule (*see Gregg v. Gardner,* 73 N.M. 347, 388 P.2d 68 (1963))

and is, therefore, remanded with instructions that the award of attorneys' fees be reversed.

■ Finally, the Walshes argue that the court erred in failing to award compensatory damages, and in so doing placed the "miscreant in this and similar instances in a zero loss position where had they *succeeded,* they would have been enriched by nearly $50,000.00." In this case, the trial court found only that "plaintiffs incurred a liability of Three Thousand Dollars ($3,000.00) for attorneys' fees in this action." As shown above, this was an improper awarded of damages.

■ In order to prove compensatory damages, the evidence must afford data, facts, and circumstances from which the actual loss can be determined with reasonable certainty and the plaintiffs must show by a preponderance of evidence the damages caused by the injury complained of. *Stevens v. Mitchell,* 51 N.M. 411, 186 P.2d 386 (1947); *Christman v. Voyer,* 92 N.M. 772, 595 P.2d 410 (Ct.App.1979).

We conclude, therefore, that the trial court acted within its discretion in reopening the earlier judgment under Rule 60(b)(6), but that it erred in granting summary judgment in the reopened case and in awarding attorneys' fees where no cause sounding in slander of title was properly pled or proved. We, therefore, reverse and remand this case for a hearing on the merits.

IT IS SO ORDERED.

WALTERS, J., concurs.

SUTIN, J., dissenting.

SUTIN, Judge (dissenting).

On March 31, 1975, Jemez Properties, Inc. filed a complaint in ejectment against the Luceros. On April 14, 1975, the Luceros answered and counterclaimed as owners of

---

**2.** Plaintiffs argue that attorneys' fees should be considered in the award of compensatory or exemplary damages where there is a clear showing of malicious or willfully fraudulent act. *Larson v. Sterling Mut. Life Ins. Co.,* 153 S.W.2d 177 (Tex.Civ.App.1941); 25 C.J.S. *Damages* § 50 (1966). New Mexico law is to the contrary, *Aboud v. Adams, supra.*

the land and sought to quiet title thereto. On June 5, 1975, Jemez Properties moved to amend its complaint substituting the Walshes as plaintiffs in place of Jemez Properties, and leave was granted to file a first amended complaint. None was then filed. Subsequently, the Walshes alone did file an amended complaint as owners of the property.

On August 25, 1975, the Luceros moved for dismissal of the above action with prejudice, and as grounds for said motion, would show the court "that the parties have settled their differences." *On the same day,* an Order was entered

> * * * that the above-entitled cause be, and it hereby is, dismissed with prejudice, and that the title of defendants, as claimed in their counterclaim regarding the property, which is the subject matter of this law suit, be, and it hereby is quieted and set at rest as against plaintiff * * *.

The only plaintiff whose action was dismissed with prejudice and against whom title was quieted was Jemez Properties, Inc. It did not include the Walshes.

On November 8, 1976, some 14½ months later, Jemez Properties and the Walshes filed a motion "To set aside as null and void the final order of the court on August 25, 1975, pursuant to Rule 60(b) of the New Mexico Rules of Civil Procedure * * * that the deed under which the defendants claim title had in fact been falsified. * *" The Walshes were without authority to join in the motion because they were not parties in the August 25, 1975 Order.

On March 1, 1977, an Order was entered:
1. That the Final Order in Cause No. 6260 [the 1975 Lucero Judgment] is hereby set aside and declared void.

> * * * * * *

4. That Plaintiffs in Cause No. 6260 are granted leave until March 15, 1977 to file amended complaints.

The Luceros now claim on appeal that the court erred in setting aside their prior judgment of August 25, 1975 because the motion to vacate the judgment was untimely.

Jemez Properties argue that the Luceros' contention cannot be raised because the Luceros did not appeal the March 1, 1977 Order that set aside the Luceros' judgment of August 25, 1975.

Both arguments are correct, but Jemez Properties' argument controls.

Rule 60(b) of the Rules of Civil Procedure allows a motion to be made *not more than one year after judgment when the judgment was procured by fraud,* misrepresentation or other misconduct. *Parks v. Parks,* 91 N.M. 369, 574 P.2d 588 (1978). Jemez Properties' motion was late in filing and unless some other avenue of relief can be found, the Order of August 25, 1975 in favor of Luceros cannot be set aside.

Jemez Properties cannot rely on Rule 60(b)(4)—"the judgment is void." The court had jurisdiction of the parties, the subject matter and the power and authority to act. *Heckathorn v. Heckathorn,* 77 N.M. 369, 423 P.2d 410 (1967). See *Nesbit v. City of Albuquerque,* 91 N.M. 455, 575 P.2d 1340 (1977).

Jemez Properties cannot rely on Rule 60(b)(6)—"any other reason justifying relief from the operation of the judgment." This provision cannot be used to circumvent the one-year time period allowed for motions for relief from judgments on the ground of fraud. *Parks, supra.* Inasmuch as it cannot circumvent the one-year time period, Rule 60(b)(6) does not provide a reservoir of equitable power limited to exceptional circumstances where the limitation period has expired. The majority opinion cites *Perez v. Perez,* 75 N.M. 656, 409 P.2d 804 (1966) and *Battersby v. Bell Aircraft Corporation,* 65 N.M. 114, 332 P.2d 1028 (1958). Neither of these cases involve the one-year time period for filing a motion for relief from a judgment.

At this stage of the proceedings, Jemez Properties had no basis under Rule 60(b) to vacate the Luceros' 1975 judgment. However, this judgment did not quiet out any interest that the Walshes had, if any, to the land involved in this case. The trial court erred in declaring the Luceros' 1975 Judg-

ment void by reason of fraud. But this erroneous ruling did not erase itself from the record.

The Luceros did not appeal the March 1, 1977 Order that set aside their August 25, 1975 quiet title judgment. If the Order entered on March 1, 1977 was final, and the final order was not appealed, it was as final as a final judgment. The final judgment entered would be that the Luceros did not have valid and legal title to the property involved, and Jemez Properties then had the right to proceed with ejectment. The case would be restored to the procedural position it was in on March 1, 1977, the time the Luceros' 1975 judgment was set aside. In other words, if the March 1, 1977 Order was a final order, Jemez Properties, absent relief under Rule 60(b), would obtain this relief for failure of the Luceros to appeal.

The question for decision is:

Was the March 1, 1977 Order that set aside the Luceros' August 25, 1975 judgment a final and appealable Order?

In New Mexico, the answer is found by the application of Rule 3(a)(3) of the Rules of Civil Appellate Procedure. An appeal is allowed from:

"any final order after entry of judgment which affects substantial rights."

*Hoover v. City of Albuquerque,* 56 N.M. 525, 245 P.2d 1038 (1952) holds that an order entered after final judgment wherein substantial rights are affected under Rule 3(a)(3), in response to a Rule 60(b) motion, is a final appealable order.

What is meant by the phrase "which affects substantial rights?"

In *Singleton v. Sanabrea,* 35 N.M. 205, 292 P. 6 (1930), a default judgment was entered for plaintiff against defendant. From an order vacating the default, plaintiff appealed. Defendant moved to dismiss the appeal on the ground that the order setting aside a default judgment was not an appealable order. The motion was denied. The court said:

Laws authorizing appeals relate to the remedy, and should be construed liberally in furtherance of the remedy.

The order does affect a substantial right and in that sense is a final order. *But for such order, the plaintiff would have been entitled in law to the immediate fruits of his judgments. Of this right the order deprived him.* [Emphasis added.] [Id. 206, 292 P. 7.]

This rule was followed in *Kerr v. Southwest Flourite Co.,* et al., 35 N.M. 232, 294 P. 324 (1930); *Gutierrez v. Brady,* 45 N.M. 209, 113 P.2d 585 (1941) where the motion to vacate was denied; *Davis v. Meadors-Cherry Company,* 63 N.M. 285, 317 P.2d 901 (1957) where an order "reopening a judgment is not an order vacating a judgment"; *Starnes v. Starnes,* 72 N.M. 142, 381 P.2d 423 (1963); *Gallegos v. Franklin,* 89 N.M. 118, 547 P.2d 1160 (Ct.App.1976).

Under this rule, Luceros' substantial rights were affected because their quiet title judgment was entered on their counterclaim after the parties settled their differences. This judgment was taken from them. But for the order entered setting aside the judgment, the Luceros would have had the right to good and valid title to the property as against Jemez Properties and could not be subject to ejectment. Of this right, the order deprived him.

The Luceros' rely on *Albuquerque Prod. Credit Ass'n v. Martinez,* 91 N.M. 317, 573 P.2d 672 (1978). Judge Andrews states that *Hoover* was overruled *by implication* under the *APCA* opinion. I disagree. *APCA* did not discuss nor mention Rule 3(a)(3) which allows an appeal from "any final order after entry of judgment which affects substantial rights."

In *APCA, APCA* as a defendant filed a cross-claim against defendant Martinez, but it was void because not served on Martinez. On February 28, 1968, entry of judgment was made on *APCA's* cross-claim against Martinez. Four years later, Martinez' heirs moved to set aside the *APCA* judgment under Rule 60(b) and in December, 1972, the 1968 judgment was set aside because it was void. No time limit applies where a void judgment is entered. *APCA* did not appeal. The order entered was final and Martinez' heirs were restored to the former position

of Martinez—a cross-claim filed by APCA against Martinez.

On September 21, 1973, APCA filed a motion requesting permission to file an amended cross-claim and on January 10, 1977, the motion was granted.

On appeal, in discussing the effect of the order that vacated the void 1968 judgment, the court quoted from 7 Moore's Federal Practice, ¶ 60.30[3] at page 431 (2d Ed. 1975). The pertinent part of the quotation is:

[W]here the order granting relief merely vacates the judgment *and leaves the case pending for further determination,* the order * * * is interlocutory and non-appealable. [Emphasis added.] [Id. 319, 573 P.2d 674.]

This quotation means that when a judgment is vacated, and the parties take no action thereon by appeal or otherwise, and simply leaves the case pending for further determination, the order is non-appealable and the Supreme Court does not have jurisdiction to hear the appeal. See *United States v. Agne,* 161 F.2d 331 (3d Cir. 1947), the case from which the rule was taken.

*APCA* does not stand for the proposition that an order vacating a judgment is not a final appealable order that does not affect the substantial rights of a party. The federal courts do not have an appealable provision like Rule 3(a)(3).

On March 1, 1977, this case stood with Jemez Properties' complaint and Luceros' answer, interrogatories propounded and answers and Jemez Properties' right to file an amended complaint. On March 15, 1977 an amended complaint was filed by the Walshes and on April 13, 1977, the Luceros answered. On November 4, 1979, the Walshes filed a motion for summary judgment. On November 8, 1977, Walshes filed a request for admission of facts which was not answered. On November 15, 1977, an extended hearing was held on Walshes' motion for summary judgment. Although the court stated that it would grant summary, summary judgment was not entered. Findings of fact and conclusions of law were filed and the court rendered its decision. Judg-

ment was entered on the merits after "having heard the testimony of witnesses, considered the exhibits admitted, arguments of counsel * * * and the Court having made its Findings of Fact and Conclusions of Law."

The appeal was taken from this judgment. The Luceros challenged Finding No. 1 that plaintiffs owned the land in the Canon de San Diego Grant; Findings Nos. 5, 6, 11–14, 20–21, amounting to a misrepresentation by defendants and a knowing wrongful occupation of the lands in question by defendants. Luceros also challenged Conclusions of Law Nos. 2, 3 and 7, that plaintiffs had superior title to the lands in question and that defendants had no color of title thereto.

There was sufficient evidence to support the findings of the trial court. The only question involved in this appeal is whether the trial court erred in awarding the Walshes $3,000.00 in attorney fees.

*Aboud v. Adams,* 84 N.M. 683, 691, 507 P.2d 430, 438 (1973) quoted the following with approval:

"In the absence of a statute or rule of court it cannot be said that attorney fees are such items as are properly taxed as costs, or may be considered as items recoverable as damages."

The Walshes were not entitled to attorney fees.

The judgment below should be affirmed subject to the withdrawal of $3,000.00 as attorney fees.