This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**J. RON MARTINEZ and
JILL MARTINEZ,**

Plaintiffs-Appellants,

v.                                                          NO. 32,249

**DONNA JONES,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Beatrice J. Brickhouse, District Judge**

Chavez Law Offices, P.A.
Gene N. Chavez
Albuquerque, NM

for Appellants

Briones Business Law Consulting, P.C.
Thomas R. Briones
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

Plaintiffs appeal from an order denying their motion for relief from a previously entered judgment pursuant to Rule 1-060(B) NMRA. We issued a notice of proposed summary disposition, proposing to uphold the district court's determination. Plaintiffs have filed a memorandum in opposition. After due consideration, we remain unpersuaded that the district court erred. We therefore affirm.

As described at greater length in the notice of proposed summary disposition, Plaintiffs' motion appears to have been based on mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, misrepresentation, and/or other misconduct of an adverse party, such that it falls within the parameters of Rule 1-060(B)(1), (2), and/or (3). Accordingly, Plaintiffs' failure to file within the applicable one-year limitations period is a fatal deficiency. *See Marinchek v. Paige*, 108 N.M. 349, 351, 772 P.2d 879, 881 (1989).

In their memorandum in opposition, Plaintiffs continue to argue that their motion is based on fraud upon the court, such that Rule 1-060(B)(6) should apply. [MIO 1-2] "Fraud upon the court embraces only that species of fraud which does or attempts to defile the court itself or which is perpetrated by officers of the court so that the judicial system cannot perform in a usual manner." *Moya v. Catholic Archdiocese of N.M.*, 107 N.M. 245, 247, 755 P.2d 583, 585 (1988). "Fraud upon the court occurs where there is a deliberately planned and carefully executed scheme to defraud the court, not simply a judgment obtained with the aid of a witness whose perjury is

revealed by after-discovered evidence." *Id.* Defendant's alleged misconduct, including fabricating a preapproval letter and misrepresenting her ability or inability to obtain financing, does not fall within this narrow category. Unlike the conduct at issue in *Jemez Properties, Inc. v. Lucero*, 94 N.M. 181, 184, 608 P.2d 157, 160 (Ct. App. 1979), Defendant neither presented to the court forged documents nor tampered with public records. Moreover, there is no suggestion of "bribery of judges, employment of counsel to 'influence' the court, bribery of the jury, . . . the involvement of an attorney in the perpetration of the fraud[,]" or anything analogous. *Id.* at 184 n.1, 608 P.2d at 160 n.1 (describing examples of the type of egregious conduct which may be said to rise to the level of fraud upon the court). We therefore remain of the opinion that Defendant's alleged misconduct is classifiable as "fraud between the parties," rather than fraud upon the court. *See generally Sanders v. Estate of Sanders*, 1996-NMCA-102, ¶ 25, 122 N.M. 468, 927 P.2d 23 (stating that "fraud between the parties, without more, is not fraud upon the court").

In their memorandum in opposition, Plaintiffs urge this Court to reverse and allow the underlying matter to proceed on grounds that Defendant will otherwise be rewarded for her misconduct. [MIO 2-4] We find this argument to be unpersuasive for a couple of reasons.

First, while the enforcement of the one-year limitation period associated with Rule 1-060(B)(1)-(3) may have the effect of barring legitimate claims, like any

3

limitations period it represents a balance of public policy goals. *See generally In re Estates of Hayes*, 1998-NMCA-136, ¶ 23, 125 N.M. 820, 965 P.2d 939 (discussing the public policy goals associated with limitations periods). We are in no position to second guess that determination. Accordingly, to the extent that Plaintiffs invite this Court to disregard the applicable limitations period, we decline to do so.

Second, we note that Plaintiffs' assertions with respect to Defendant's conduct remain allegations only; whether Defendant forged a preapproval letter or misrepresented her ability to obtain financing has not been definitively established. *See generally Guidry v. Petty Concrete Co.*, 77 N.M. 531, 534, 424 P.2d 806, 808 (1967) ("With a dispute as to the facts, and with no findings by the trial court, we have no facts before us. As an appellate court, we will not originally determine the questions of fact."). As such, we will not presume that the application of our well-established jurisprudence is inequitable.

Accordingly, for the reasons stated above and in the notice of proposed summary disposition, the judgment of the district court is affirmed.

**IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

4

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**TIMOTHY L. GARCIA, Judge**